STATE of Texas, Appellant

v.

Dwayne Heath WOOLDRIDGE, Appellee.

No. 11–03–00186–CR.

Court of Appeals of Texas, Eastland.

July 21, 2005.

---

James Eidson, Dist. Atty., Patricia Dyer, Asst. Crim. Dist. Atty., Abilene, Matthew W. Paul, State Prosecuting Atty., for State.

Richard C. Mabry, Abilene, for Appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

TERRY McCALL, Justice.

*Opinion on Remand from Court of Criminal Appeals*

The State appealed on the ground that the trial court illegally sentenced appellee. On original submission, we dismissed the State's appeal for want of jurisdiction. The Court of Criminal Appeals reversed our judgment and remanded the cause for consideration of the merits of the State's appeal.[1] We find that the trial court's sentence of appellee was legal; and, therefore, we affirm the judgment of the trial court.

### The Sentence

The jury convicted appellant of the second degree felony offense of aggravated assault with a deadly weapon. TEX. PEN. CODE ANN. § 22.02(a)(2) & (b) (Vernon Supp.2004–2005). The indictment contained two enhancement paragraphs alleging prior felony convictions. The trial court ruled that the prior convictions could not be used for enhancement purposes. The trial court did not make a finding of "true" or "untrue" on either of the prior convictions. The trial court assessed pun-

---

1. *Wooldridge v. State,* 158 S.W.3d 484 (Tex.Cr. App.2005).

ishment at seven years confinement, a sentence within the statutory range of punishment for a second degree felony. TEX. PEN. CODE ANN. § 12.33 (Vernon 2003).

## Issue Presented

The State argues that the trial court erred in refusing to use the prior convictions for enhancement purposes. Therefore, the State contends that the trial court illegally sentenced appellee by refusing to sentence him to a minimum of 25 years as a habitual offender.

## The Trial Court's Enhancement Ruling

■ The State sought enhancement of appellee's sentence under TEX. PEN. CODE ANN. § 12.42(d) (Vernon Supp. 2004–2005). Section 12.42(d) provides:

> If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PEN. CODE ANN. § 12.42(e) (Vernon Supp.2004–2005) provides:

> A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d).

The enhancement paragraphs alleged two prior felony convictions for the offenses of theft of a motor vehicle. One of the offenses occurred in 1990, and the other offense occurred in 1992. Both of the offenses involved theft of motor vehicles with values of $750 or more but less

than $20,000. When the offenses were allegedly committed, theft of property with a value of $750 or more but less than $20,000 was a third degree felony. *See* former TEX. PEN. CODE § 31.03(e)(4)(A) (1989)(current version at TEX. PEN. CODE ANN. § 31.03 (Vernon Supp.2004– 2005)). In 1993, the legislature changed Section 31.03 to provide that theft of property with a value of $1,500 or more but less than $20,000 is a state jail felony and that theft of property of $500 or more but less than $1,500 is a Class A misdemeanor. *See* Section 31.03(e)(3) & (4); Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 31.03, 1993 Tex. Gen. Laws 3586, 3637–38.

Based on the 1993 change to Section 31.03, the trial court found that the prior convictions alleged against appellee had been changed to convictions for state jail felonies and, therefore, could not be considered for enhancement purposes under Section 12.42(d). The trial court then assessed punishment at seven years confinement.

The trial court was mistaken in finding that the prior convictions could not be considered for enhancement purposes. The alleged convictions were for offenses that were third degree felonies when they were committed. Therefore, the prior convictions could appropriately be used as felony enhancements under Section 12.42(d). *Castaneda v. State,* 135 S.W.3d 719, 724 (Tex.App.-Dallas 2003, no pet'n). As explained below, the trial court's mistaken legal ruling does not affect the outcome of this appeal.

## Legality of Sentence

*Harris v. State,* 153 S.W.3d 394 (Tex.Cr. App.2005), is the controlling authority for this appeal. In *Harris,* the State submitted evidence of prior felony convictions for

enhancement purposes at the punishment phase of the trial. On October 28, 2002, after the punishment phase of the trial, the trial court sentenced the defendant to 10 years confinement. At that time, the trial court did not make findings on the record that the enhancement allegations were true. The next day, the trial court recalled the defendant for a second sentencing hearing, found the enhancement allegations true, and re-sentenced the defendant to 25 years confinement under Section 12.42(d). *Harris v. State, supra* at 395.

In *Harris,* the defendant argued that the second sentence violated his double jeopardy rights. The State argued that the initial 10–year sentence was unlawful because the trial court was required to sentence appellant to a minimum of 25 years under Section 12.42(d) if the two prior felony convictions were found to be true. The Court of Criminal Appeals explained that, without findings of "true" to the enhancement allegations at the first sentencing hearing, the initial 10–year sentence was a valid and authorized sentence. The Court of Criminal Appeals explained:

> Here, the facts do not support the contention that Appellant's [first] sentence was statutorily unauthorized at the time it was pronounced. When Appellant was sentenced, the trial court did not specifically find the enhancements to be true on the record. The court then sentenced Appellant within the range of punishment for an un-enhanced offense. . . . The record [of the first sentencing hearing] shows that the trial judge received the evidence of the prior convictions and considered them, but not that he found them true. The trial court erred to then find them true at a second sentencing hearing. This second attempt at sentencing violated Appellant's rights under the Double Jeopardy Clause. Because the ten-year sentence

was a valid and authorized sentence under the Texas Penal Code, the trial court's second pronouncement of a 25–year sentence the following day was an unconstitutional 15–year increase.

*Harris v. State, supra* at 396–97.

Thus, the *Harris* court held (1) that the trial court improperly re-sentenced the defendant after initially sentencing him to an authorized, valid sentence; (2) that the original 10–year sentence was valid and authorized; (3) that the second sentence violated the defendant's double jeopardy rights; and (4) that the second sentence was an unauthorized and unconstitutional 15–year increase over the initial sentence. *See State v. Aguilera,* 165 S.W.3d 695, 697 (Tex.Cr.App.2005).

 In this case, without findings of "true" to the enhancement allegations at the punishment hearing, the trial court's seven-year sentence of appellant was valid and authorized. The sentence was within the statutory range of punishment for second degree felonies. Under the principles of *Harris,* an attempt to re-sentence appellee as a habitual offender would be invalid and unconstitutional.

The fact that the trial court made a mistaken legal ruling in finding that the prior convictions could not be used for enhancement purposes does not change the result of this appeal. The *Harris* court explained that incorrect or mistaken legal rulings that lead to a sentence raise a double jeopardy bar to a greater sentence. *Harris v. State, supra* at 402, n. 9.

The State's issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.