The STATE of Texas

v.

Dwayne Heath WOOLDRIDGE, Appellee.

No. PD–1482–05.

Court of Criminal Appeals of Texas.

Oct. 31, 2007.

---

10.   *Campbell,* 215 S.W.3d at 549.

11.   *Id.* at 550.

12.   *Id.*

13.   *Id.* at 550–51 (Wright, C.J., dissenting).

14.   *Id.* at 551.

15.   *Id.*

Richard C. Mabry, Abilene, for Appellant.

Jeffrey L. Van Horn, S.P.A., Matthew Paul, State's Atty., Austin, for State.

WOMACK, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The issue in this case is whether the Double Jeopardy Clause would be violated by remanding this case to the trial court for a new hearing on sentencing. We hold that it would not.

A jury found the appellee guilty of an offense of aggravated assault with a deadly weapon which he committed on March 2, 2002. The appellee had not taken any step to have the jury assess his punishment, so the question of punishment was for the trial judge.[1]

The offense was a felony of the second degree,[2] for which the punishment is imprisonment for not less than two years or more than twenty years.[3] But the indictment also alleged that the appellee was an habitual felony offender—that before he committed the aggravated assault, he had been convicted twice previously of felonies, and that he had committed the second of those offenses after the conviction for the first offense had become final. This would increase the range of punishment to imprisonment for not less than twenty-five years or more than ninety-nine years or life.[4]

---

1. See CODE CRIM. PROC. art. 42.12, § 2(b) (in cases in which death is not a possible penalty, it is the responsibility of the judge to assess the punishment if the defendant has neither filed a sworn motion for community supervision nor elected in writing to have the jury assess his punishment).

2. See Act of June 19, 1993, 73rd Leg., R.S., ch. 900, § 1.01, sec. 22.02(a)(2), 1993 Tex. Gen. Laws 3586, 3619.

3. See id., sec. 12.33, 1993 Tex. Gen. Laws 3586, 3603.

4. See id., sec. 12.42(d), 1993 Tex. Gen. Laws 3586, 3604.

Each of the prior convictions was for theft of property worth at least $750 but less than $20,000. The appellee committed the first offense in 1990 and the other in 1992. At those times, such thefts were felonies of the third degree.[5]

If such offenses had been committed after September 1, 1994, they could not have been used to enhance the punishment for the offense in this case, because they would not have been classified as felonies of the third degree.

September 1, 1994 was the effective date of a re-enactment of the Penal Code that added a new punishment classification: the state-jail felony, the punishments for which were lower than the previous degrees of felony. Thefts of property worth at least $1,500 but less than $20,000, which had been felonies of the third degree, became classified as state-jail felonies.[6] Thefts of property worth at least $500 but less than $1,500, some of which had been felonies of the third degree, became Class A misdemeanors.[7]

Therefore, the appellee's thefts, had they been committed on or after September 1, 1994, would have been either state-jail felonies or Class A misdemeanors. Under the 1994 penalty provisions, previous convictions for most state-jail felonies could not be used to enhance the punishment for a felony offense,[8] nor could convictions for misdemeanors.

As it happened, though, the appellee had *not* been convicted under the 1994 Code. His offenses *were* felonies of the third

degree, which *may* be used to enhance the punishment of subsequent offenses.

The trial judge accepted the evidence that the appellee had been convicted of third-degree-felony thefts in 1990 and 1992 as the indictment alleged, but he ordered the State to brief the legal issue of theft offenses having been reclassified as state-jail felonies after the appellee was convicted.

After the briefing, the judge ruled:

> The two prior felony convictions at the time of convictions were third-degree felonies, but the law has now changed to make those state jail felonies.
>
> The State has provided me some cases prior to the enactment of the present statute that provides that state jail felonies cannot be used for enhancement purposes.
>
> It's my belief that the law is, with the intent of the legislature, that these lesser included offenses [*sic*] should not be used to enhance the minimum to 25 years. Therefore, I am going to find that and assess your punishment at seven years confinement in the Texas Department of Criminal Justice.

The State appealed.

The Court of Appeals agreed with the State's argument that the law permitted the use of the prior convictions to enhance the appellee's range of punishment to that of an habitual felony offender. Its opinion said:

> The trial court was mistaken in finding that the prior convictions could not be

---

5. See Act of June 14, 1989, 71st Leg., R.S., ch. 245, § 1, 1989 Tex. Gen. Laws 1161, 1161 (penalty provisions for theft in section 31.03 of the Penal Code); Act of June 15, 1991, 72nd Leg., R.S., ch. 565, § 1, 1991 Tex. Gen. Laws 2003, 2003 (same).

6. See Act of June 19, 1993, *supra* note 2, at sec. 31.03(e), 1993 Tex. Gen. Laws, at 3637–38.

7. See *ibid.*

8. See *id.* at sec. 12.42(e) ("A previous conviction for a state jail felony may be used for enhancement purposes under this section only if the defendant was punished for the *offense under Section 12.35(c),*" which made a state-jail felony punishable as a felony of the third degree if the defendant used a deadly weapon or had been previously convicted of certain felony offenses).

considered for enhancement purposes. The alleged convictions were for offenses that were third degree felonies when they were committed. Therefore, the prior convictions could appropriately be used as felony enhancements under Section 12.42(d). *Castaneda v. State,* 135 S.W.3d 719, 724 (Tex.App.-Dallas 2003, no pet'n).[9]

■ We agree with that holding.

■ But the Court of Appeals went on to say that "the trial court's mistaken legal ruling does not affect the outcome of this appeal."[10] It held:

In this case, without findings of "true" to the enhancement allegations at the punishment hearing, the trial court's seven-year sentence of appellant was valid and authorized. The sentence was within the statutory range of punishment for second degree felonies. Under the principles of *Harris [v. State,* 153 S.W.3d 394 (Tex.Cr.App.2005)], an attempt to re-sentence appellee as a habitual offender would be invalid and unconstitutional.

The fact that the trial court made a mistaken legal ruling in finding that the prior convictions could not be used for enhancement purposes does not change the result of this appeal. The *Harris* court explained that incorrect or mistaken legal rulings that lead to a sentence raise a double jeopardy bar to a greater sentence. *Harris v. State, supra* at 402, n. 9.[11]

We do not agree with that reading of *Harris.*

Like the appellee, Harris was found guilty of a felony of the third degree. Like the appellee, Harris was alleged to be an habitual felony offender because of previous felony convictions. The trial court did not enter a finding that the allegations were true, and the court sentenced Harris to ten years in prison, which is within the statutory range for a third-degree felony but below the minimum for an habitual offender. "The next day, the trial judge recalled [Harris]. He explained that the State had previously submitted evidence of prior felony convictions for enhancement purposes, and that he found them to be true. Thus, according to Texas Penal Code, Section 12.42(d), the court was not able to sentence Appellant to any amount of time less than twenty-five years. The trial court then re-sentenced Appellant to 25 years in the TDCJ Institutional Division."[12]

We said:

[T]he facts do not support the contention that [Harris's] sentence was statutorily unauthorized at the time it was pronounced. When [Harris] was sentenced, the trial court did not specifically find the enhancements to be true on the record. The court then sentenced [Harris] within the range of punishment for an un-enhanced offense. The record states only that the trial judge, at the first sentencing proceeding, said the court had "received evidence of prior felony—prior convictions," and proceeded to sentence appellant to ten years in the Texas Department of Criminal Justice. The record thus shows that the trial judge received the evidence of the prior convictions and considered them, but not that he found them true. The trial court erred to then find them true at a second sentencing hearing. This second attempt at sentencing violated Appellant's rights under the Double

---

9. *State v. Wooldridge,* 170 S.W.3d 194, 196 (Tex.App.-Eastland 2005).

10. *Ibid.*

11. *Id.,* at 197.

12. *Id.,* at 395 (footnote omitted).

Jeopardy Clause. [Footnote 9:] *See Arizona v. Rumsey,* 467 U.S. 203, 211, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) (a trial court's imposition of a life sentence, based on its incorrect finding that, as a matter of law, robbery did not amount to an aggravating circumstance warranting the death penalty, barred the imposition of the greater sentence of death upon resentencing); *Sanabria v. United States,* 437 U.S. 54, 64, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978) (even mistaken or "egregiously erroneous" legal rulings that lead to a judgment of acquittal raise a double jeopardy bar to retrial). [End of footnote 9.] Because the ten-year sentence was a valid and authorized sentence under the Texas Penal Code, the trial court's second pronouncement of a 25–year sentence the following day was an unconstitutional 15–year increase.[13]

Wooldridge's case, which is before us today, is not like *Harris* or the cases of *Rumsey* and *Sanabria* that were cited in *Harris's* footnote.

This case is unlike *Harris* in that the record *does* support the contention that Wooldridge's sentence was statutorily unauthorized at the time it was pronounced. The record does show that the trial court believed that the enhancement allegations were true. Its decision not to assess punishment within the enhanced range was based, not on any fact, but on a ruling of law. That ruling, as we have held above, was incorrect.

This case is unlike *Rumsey* (and *Bullington v.Missouri,*[14] the precedent on which *Rumsey* rested), because it does not involve capital sentencing, which the Su-

preme Court later said was "a critical component of our reasoning" in those cases.[15] The Court expressly refused to extend the double-jeopardy rule of *Bullington* and *Rumsey* to non-capital sentencing: "We conclude that *Bullington's* rationale is confined to the unique circumstances of capital sentencing and that the Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in the noncapital sentencing context."[16] Our footnote in *Harris* should not be read to say that the Double Jeopardy Clause of the Fifth Amendment would be violated by a remand for a new hearing on punishment after an appellate reversal of an incorrect ruling of law in a non-capital case. We are bound by the Supreme Court's decision on that constitutional question:

Where noncapital sentencing proceedings contain trial-like protections, that is a matter of legislative grace, not constitutional command. Many States have chosen to implement procedural safeguards to protect defendants who may face dramatic increases in their sentences as a result of recidivism enhancements. We do not believe that because the States have done so, we are compelled to extend the double jeopardy bar. Indeed, were we to apply double jeopardy here, we might create disincentives that would diminish these important procedural protections.

We conclude that *Bullington's* rationale is confined to the unique circumstances of capital sentencing and that the Double Jeopardy Clause does not preclude retrial on a prior conviction allegation in the noncapital sentencing context.[17]

---

13. *Id.,* at 396–97 (other footnotes omitted).

14. 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

15. *Monge v. California,* 524 U.S. 721, 731, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998).

16. *Id.,* at 734, 118 S.Ct. 2246.

17. *Ibid.*

■ Unlike *Sanabria*, this case does not involve an appeal from an acquittal, which was the determining point in that case. In Sanabria's case, the trial court's erroneous interpretation of an indictment led it to exclude crucial evidence, "which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error." [18] Wooldridge's case is not an appeal from an acquittal, but an appeal from a non-capital sentencing. As we have said above, the Double Jeopardy Clause does not preclude retrial on a prior-conviction allegation in such a case.

The Double Jeopardy Clause of the Fifth Amendment does not bar the State's appeal in this case, nor would it bar the trial court from reconsidering the issue of punishment on remand.

The judgment of the Court of Appeals is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

MEYERS, J., filed a dissenting opinion in which HOLCOMB, J., joined.

MEYERS, J., filed a dissenting opinion, in which HOLCOMB, J., joined.

The majority opinion analyzes the State's ground for review, which asked whether the Double Jeopardy Clause would be violated by remanding the case to the trial court for a new hearing on sentencing and holds it would not. However, the issue of Double Jeopardy simply does not arise in this case. Although the court of appeals's discussion of Double Jeopardy was dicta and had no effect on its final decision, the State based its petition for discretionary review on the court's Double Jeopardy analysis. The Double Jeopardy issue is not raised by the facts of this case, therefore, the State is asking for an advisory opinion that has no relevance to this specific case. If we address the merits of this case, we should address only the underlying issue, which is the issue decided by the court of appeals—whether punishment within a non-enhanced range is a legal sentence even though it was based on an erroneous legal ruling by the trial court.

A sentence cannot be enhanced unless the prior convictions are alleged and found true by the assessor of punishment. The majority states that "the record does show that the trial court believed the enhancement allegations were true." However, the court did not make a finding of "true" or "untrue" with regard to the enhancement paragraphs. The indictment contained enhancement paragraphs alleging two prior felony convictions for theft of a motor vehicle. The State sought enhancement of Appellee's sentence in accordance with Texas Penal Code section 12.42(d). At the sentencing hearing, the court noted recent legislative changes to the definitions of felony theft, and requested that the parties brief the issue of whether the two prior convictions could be considered for felony enhancement purposes. The court rescheduled Appellee's sentencing hearing to give the parties time to submit briefs. At the second hearing the court stated, "It is my belief that the law is, with the intent of the legislature, that these lesser included offenses should not be used to enhance the minimum sentence to 25 years...." The court subsequently imposed a sentence of seven years in the Texas Department of Criminal Justice—Institutional Division, a punishment within the statutory range for a second-degree felony without enhancements. The court was incorrect that Appellee's prior convictions could not be considered for enhancement.

18. *Sanabria v. United States*, 437 U.S. 54, 68– 69, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).

The court of appeals relied on our opinion in *Harris*, 153 S.W.3d at 396, to correctly determine that without findings of "true" on the prior convictions, the 7–year sentence was legal, and the State is not entitled to a remedy in this case. However, the court of appeals proceeded to explain in dicta that under *Harris*, any re-sentencing of Appellee would violate his constitutional right against Double Jeopardy. Much of the *Harris* opinion is specific to cases in which the trial judge recalls and re-sentences a defendant who has already started serving a legal sentence. This case does not present that issue. In this case, the trial judge sentenced Appellee only one time. There is an important distinction between a judge recalling and re-sentencing a defendant who has already started serving a legal sentence and a sentence being attacked on appeal. Because the trial judge never attempted to increase Appellee's sentence, the Double Jeopardy analysis from *Harris* does not apply to this case, and we should not address the Double Jeopardy issue. The majority doesn't even consider the legality of this sentence and doesn't consider the State's only authority to appeal, which, under 44.01(b), is if the State appeals the sentence on the ground that the sentence is illegal.

I would affirm the decision of the court of appeals, which held that Appellee's seven-year sentence was valid at the time it was given because it is within the statutory range for a conviction of aggravated assault with a deadly weapon, without enhancements. And, because Appellee was not re-sentenced by the trial judge, as in *Harris*, we need not address the Double Jeopardy issue. Therefore, I respectfully dissent.