**Opinion filed December 17, 2009**



In The

# Eleventh Court of Appeals

No. 11-08-00134-CR

## DEWAYNE HEATH WOOLDRIDGE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 6046-D**

### M E M O R A N D U M   O P I N I O N

Dewayne Heath Wooldridge was convicted of aggravated assault with two priors. Appellant appeals from a punishment hearing setting his punishment at twenty-five years confinement in the Texas Department of Criminal Justice, Institutional Division. We affirm.

*Procedural History*

This case has spanned seven years and is before this court for the third time. In 2002, Wooldridge was indicted for aggravated assault with a deadly weapon. The indictment alleged two enhancements for theft of motor vehicle convictions. The first occurred in 1990 and the second in 1992. Both offenses were classified as third degree felonies at the time of Wooldridge's convictions.

*See* former TEX. PENAL CODE § 31.03(e)(4)(A) (1989) (current version at TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2009)).  In 1993, the legislature amended Section 31.03 to provide that theft of property with the value involved in Wooldridge's 1992 conviction would be classified as a state jail felony and his 1990 conviction a Class A misdemeanor.  Act of May 29, 1993, 73rd Leg., R.S., ch. 900, 1993 Tex. Gen. Laws 3586, 3637-3638.  Because of this change in the law, the trial court found that the alleged enhancements were state jail felonies and could not be considered for enhancement purposes under TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2009) and sentenced Wooldridge to seven years confinement.

The State appealed the trial court's judgment, asserting that the trial court illegally sentenced Wooldridge because it had failed to sentence him as a habitual offender to a minimum sentence of twenty-five years under Section 12.42(d).  *See State v. Wooldridge*, 135 S.W.3d 312 (Tex. App.—Eastland 2004, pet. granted).  We held that we did not have jurisdiction because the State did not have grounds to appeal under TEX. CODE CRIM. PROC. ANN. art. 44.01(b) (Vernon Supp. 2009).  We held that the State was not appealing the legality of the sentence but, rather, was appealing the trial court's ruling on a question of law.  *Id*. at 317.  We further held that the enhancements were not part of Wooldridge's sentence because the trial court did not find the enhancements true.  *Id.*

On petition for discretionary review, the Court of Criminal Appeals reversed this court's judgment and held that we did have jurisdiction to consider the State's appeal.  *Wooldridge v. State*, 158 S.W.3d 484 (Tex. Crim. App. 2005).  The court explained that "[a]ny legal significance attributable to the trial court's failure to find the enhancement allegations to be true . . . relates to the merits of the State's contention that the sentence is illegal, and not to whether the State is appealing a sentence on the grounds that the sentence is illegal."  *Id.* at 485.  The Court of Criminal Appeals remanded the case to this court to determine whether the sentence was legal.  *Id.*

On remand, we held that the trial court made an error in law by finding that the prior convictions could not be considered for enhancement purposes.  *Wooldridge v. State*, 170 S.W.3d 194 (Tex. App.—Eastland 2005, pet. granted).  The alleged convictions were for offenses that were third degree felonies when they were committed; therefore, they could be used as felony enhancements under Section 12.42(d).  *Id.* at 196.  However, relying on *Harris v. State*, 153 S.W.3d 394 (Tex. Crim. App. 2005), we concluded that the trial court's seven-year sentence was not illegal because the trial court did not make a finding of true on the enhancements.  *Id.* at 197.  Without a

finding of true on the enhancements, the trial court could not sentence Wooldridge as a habitual offender. *Id.*

The Court of Criminal Appeals again granted discretionary review and reversed this court's judgment. *State v. Wooldridge*, 237 S.W.3d 714 (Tex. Crim. App. 2007). The Court of Criminal Appeals distinguished *Harris* by noting that while in both cases the trial court received evidence of prior convictions, and in both cases it made no specific finding of true, in this instance the court discerned that the trial court *believed* the enhancement allegations were true. *Id.* at 718. Because it *believed* the enhancement allegations were true, the original punishment was not based upon a fact but on a ruling of law. *Id.* The case was remanded to the trial court for a new sentencing hearing.

Despite the Court of Criminal Appeals's postulation, the trial court on remand noted that there was no finding of true, and the State conceded that there was no finding "one way or the other on the record." The trial court proceeded to make a factual determination on the enhancement allegations. The State agreed with the trial court that Wooldridge needed to enter a plea. Wooldridge pleaded not true, and the trial court heard evidence and found that the enhancement paragraphs were true. The trial court then sentenced Wooldridge to twenty-five years confinement. Wooldridge appeals the trial court's judgment.

*Issues*

Wooldridge raises three issues on appeal. In his first two issues, he asserts that the evidence is legally and factually insufficient to sustain the jury's verdict of guilty. In his third issue, he asserts that his resentencing was barred by double jeopardy.

*Sufficiency of the Evidence*

Wooldridge argues that the evidence is legally and factually insufficient to sustain the jury's guilty verdict for aggravated assault. This is the first time that Wooldridge has raised this issue on appeal. Wooldridge initially filed an appeal challenging his conviction. However, before any briefs were filed, Wooldridge moved to dismiss his appeal, and we did so. *See State v. Wooldridge*, No. 11-03-00186-CR, 2003 WL 22103212 (Tex. App.—Eastland, Sept. 11, 2003).

When a court of appeals or the Court of Criminal Appeals reverses a judgment only on the basis of an error or errors made during the punishment phase of a trial, the case shall stand as if a finding of guilt has been returned and proceed to the punishment stage of the trial. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2009). When a case is remanded for punishment

3

only, the conviction on guilt/innocence is essentially affirmed. *Sanders v. State*, 963 S.W.2d 184, 186 (Tex. App.—Corpus Christi 1998, pet. ref'd). The only issues that can be raised on remand from either a court of appeals or the Court of Criminal Appeals are those issues raised as a result of the opinion by the court, its application on remand, and any subsequent authorities on the issues that had previously been presented. *Id*.

Wooldridge did not challenge the sufficiency of the evidence in his original appeal. The Court of Criminal Appeals only remanded the case to the trial court for a new punishment hearing. Wooldridge cannot now challenge the jury's verdict on guilt/innocence when that issue was not before the trial court on remand. Wooldridge's first and second issues are overruled.

*Double Jeopardy*

Wooldridge argues that his resentencing was barred by double jeopardy. Wooldridge's argument stems from two rules of law. First, Wooldridge argues that the trial court's initial seven-year sentence should be upheld under the "right ruling, wrong reason" doctrine. *See*, *e.g.*, *State v. Herndon*, 215 S.W.3d 901, 905 (Tex. Crim. App. 2007) (holding that a trial court's ruling on a motion for new trial will be upheld if it is correct on any applicable legal theory, even if the court articulated an invalid basis). Wooldridge argues that it does not matter that the trial court incorrectly assumed that it could not consider the enhancements because the trial court did not find the enhancements true. Without true findings, Wooldridge asserts that the enhancements could not be used. Thus, even though it erred in determining what could be considered, its punishment was correct because it was based upon the findings in the record.

Second, Wooldridge argues that the Court of Criminal Appeals failed to consider the factual conclusivity clause.[1] Decisions of the courts of appeals are conclusive on all questions of fact brought before them on appeal. The Court of Criminal Appeals does not have jurisdiction to "unfind" a vital fact. *Goodman v. State*, 66 S.W.3d 283, 284-85 (Tex. Crim. App. 2001). Wooldridge argues that this court found that the trial court did not make a finding of true or untrue and that the Court of Criminal Appeals did not have jurisdiction to unfind that fact. *See Wooldridge*, 170 S.W.3d at 195.

We cannot sustain either argument because to do so would require that we overrule the Court of Criminal Appeals's last holding – a prerogative we do not enjoy. We previously found that *Harris*

---

[1] TEX. CONST. art. V, § 6.

was applicable because the trial court made no finding of true before assessing Wooldridge's sentence. On remand, the trial court agreed with our determination, the State conceded that there was no finding, and – without objection by either side – the trial court conducted an evidentiary hearing to determine if the enhancement allegations were in fact true. However, the Court of Criminal Appeals has previously distinguished *Harris* by ascertaining that the trial court believed the enhancements were true, and it has determined that this unregistered belief is sufficient to preclude application of the double jeopardy clause.[2] Consequently, we have no discretion but to overrule Wooldridge's third issue.

*Conclusion*

We affirm the trial court's judgment.

RICK STRANGE

JUSTICE

December 17, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

---

[2]U.S. CONST. amend. V.

5
