PD-0249-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/6/2015 2:11:05 PM
Accepted 3/6/2015 2:53:32 PM
ABEL ACOSTA
CLERK

No. _____

# IN THE TEXAS COURT OF CRIMINAL APPEALS

## WILLIAM BUCKNER HUBBLE

*Petitioner,*

## V.

## THE STATE OF TEXAS,

*Respondent.*

From the Second Court of Appeals, No. 02-13-00541-CR,
and the District Court of Cooke County, Texas,
Cause No. CR-07-256

## PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

March 6, 2015

ABEL ACOSTA, CLERK

Jeff Springer
State Bar No. 18966750
**SPRINGER & LYLE, LLP**
1807 Westminster
Denton, TX 76205
940.387.0404 (ph)
940.383.7656 (fax)
jeff@springer-lyle.com (email)
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... 2

IDENTITY OF JUDGES, PARTIES AND COUNSEL. ................................... 3

TABLE OF AUTHORITIES. ............................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT ...................................... 5

STATEMENT OF THE CASE ............................................................................ 5

PROCEDURAL HISTORY ................................................................................. 5

GROUNDS FOR REVIEW ................................................................................ 6

ARGUMENT ........................................................................................................... 7

    (1) Did the Court of Appeals err in applying Tex. R. App. P. 33(a)(1) in its analysis of the context of the trial record? ................................... 8

    (2) Did the Court of Appeals improperly fail to rebut, or at least address, Petitioner's Tex. R. App. P. 33(a)(1) analysis of the context of the record? ................................................................................. 8

    (3) Did the Court of Appeals err in failing to reach the merits of Petitioner's complaint that his trial counsel was prevented from telling the jury that one of his enhancement convictions had been reclassified to a misdemeanor? ...................................................... 9

PRAYER ................................................................................................................. 13

CERTIFICATE OF COMPLIANCE .............................................................. 14

CERTIFICATE OF SERVICE ......................................................................... 14

APPENDIX

    Court of Appeals' Opinion ........................................................................ 1

    Court of Appeals' Opinion on Rehearing ............................................ 2

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

Parties to the Judgment      William Buckner Hubble, Defendant
State of Texas, State

Trial Judge      Hon. Janelle Haverkamp, Judge
235th District Court
Cooke County, Texas

Defendant's Trial Counsel      Mr. Christopher Fostel, Esq.
Ector County District Attorney's Office
300 North Grant, Room 305
Odessa, TX 79761

State's Trial Counsel      Ms. Janice Warder, Esq.
Mr. Ron Poole, Esq.
Ms. Lisa Decker, Esq.
Cooke County District Attorney
101 Dixon Street, Suite 309
Gainesville, Texas 76240

Defendant's Counsel on Appeal      Mr. Jeff Springer, Esq.
1807 Westminster
Denton, TX 76205

State's Counsel on Appeal      Ms. Sue Korioth, Esq.
Special Prosecutor
P.O. Box 600103
Dallas, Texas 75360-0103

# INDEX OF AUTHORITIES

## Cases

*Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010).................................. 11

*Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App. Austin 1984, pet. ref'd) ........... 10
*Ex parte Hubble*, 2013 Tex. Crim. App. Unpub. LEXIS 1041 (Tex. Crim. App. Oct. 9, 2013)................................................................................................................. 6

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) ........................ 12

*Melendez v. State*, 4 S.W.3d 437, 442 (Tex.App.--Houston [1st Dist.] 1999, no pet.), *overruled on other grounds, Small v. State*, 23 S.W.3d 549 (Tex.App.-- Houston [1st Dist.] 2000, pet. ref'd)................................................................. 11

*State v. Wooldridge*, 237 S.W.3d 714, 716–17 (Tex. Crim. App. 2007)................. 8

## Statutes

TEX. PENAL CODE ANN. § 30.04(d) (Vernon 2013) ............................................... 6

## Rules

Tex. R. App. P. 33.1(a)(1).............................................................................. 7, 10

Tex. R. App. P. 44 ............................................................................................ 10

# STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument

# STATEMENT OF THE CASE

Appellant was convicted of felony unlawful possession of a firearm in 2010. [CR 51-52]. His range of punishment was enhanced by two prior felonies, one of which was a 1987 conviction for burglary of a motor vehicle. *Id.* He was sentenced to sixty years incarceration. *Id.*

On appeal, Appellant complained that his sentence was affected by the trial court's refusal to allow his trial attorney to argue that the 1987 felony used to enhance his range of punishment had been reclassified to a misdemeanor a few years after his conviction. In a memorandum opinion with one justice concurring in the result only, the Court of Appeals refused to consider the merits of the argument, disregarding Petitioner's interpretation of the record and concluding instead that the only apparent argument was improper, and error as to any another argument had not been preserved for appeal. [AX 1 at 5].

Petitioner challenged the Court of Appeals holding in a Motion for Rehearing. [*See* AX 2]. The motion was denied, but one justice noted that she would have granted a rehearing. *Id.*

Appellant filed this Petition for Review to challenge the Court of Appeals' holding that his trial counsel attempted only an improper argument and failed to preserve error on the specific complaint raised on appeal.

## PROCEDURAL HISTORY

Petitioner timely perfected his appeal after this court granted his application for writ of habeas corpus. *Ex parte Hubble,* 2013 Tex. Crim. App. Unpub. LEXIS 1041 (Tex. Crim. App. Oct. 9, 2013). On December 23, 2014 the Court of Appeals affirmed his conviction. [AX 1 at 6]. Petitioner requested rehearing on January 22, 2015. The Court of Appeals denied the motion on February 5, 2015. [AX 2 at 1].

## GROUNDS FOR REVIEW

**(1)  Did the Court of Appeals err in applying Tex. R. App. P. 33(a)(1) in its analysis of the context of the trial record?**

**(2)  Did the Court of Appeals improperly fail to rebut, or at least address, Petitioner's Tex. R. App. P. 33(a)(1) analysis of the context of the record?**

**(3)  Did the Court of Appeals err in failing to reach the merits of Petitioner's complaint that his trial counsel was prevented from telling the jury that one of his enhancement convictions had been reclassified to a misdemeanor?**

6

# ARGUMENT

## A. Factual Background

A Cooke County jury convicted Petitioner of felony unlawful possession of a firearm in April of 2010. [CR 51-52]. At the punishment stage of his trial, Petitioner's attorney attempted argue that one of his enhancement convictions, a 1987 felony burglary of a vehicle, had been reclassified to a misdemeanor a few years after the conviction. [3 RR at 86]. *See* TEX. PENAL CODE ANN. § 30.04(d) (Vernon 2013).

Petitioner's attorney began the argument by reminding the jury that the conviction had occurred many years before, when Petitioner was 19 years old. [3 RR at 86]. Then, as he was about to address the crime's reclassification, the prosecutor objected (mid-sentence) that the argument was outside the record. *Id.* The trial judge sustained. *Id.* After the objection was sustained, Petitioner's trial counsel simply moved on. He did not perfect a bill of exceptions or attempt to explain to the judge how he intended to finish his sentence, but the record makes clear what he intended to say: He was about to tell the jury that burglary of a vehicle is not a misdemeanor, not a felony.

When the jury retired to deliberate, it the judge's instructions put the range of punishment at 25 to 99 or life. [CR at 43]. The jury obviously split the range

7

down the middle. Petitioner's punishment was assessed at sixty years confinement. [CR at 41].

Petitioner appealed. In two issues, he argued that the trial judge had impermissibly prevented his trial attorney from telling the jury *that the enhancement felony had been reclassified to a misdemeanor.*[1] [AX 1 at 3]. The Court of Appeals never addressed this argument. It held instead that Petitioner's counsel must have intended to argue that the reclassified burglary conviction *could not be used* to enhance Petitioner's sentence, even though Petitioner never raised the issue, and even though the record contains no indication whatsoever that this argument was intended. [AX at 4-6].

This Petition has been filed to challenge the Court of Appeals' failure to reach the merits of Petitioner's complaints.

**B.    Argument and Authorities**

> **(1)    Did the Court of Appeals err in applying Tex. R. App. P. 33(a)(1) in its analysis of the context of the trial record?**
>
> **(2)    Did the Court of Appeals improperly fail to rebut, or at least address, Petitioner's Tex. R. App. P. 33(a)(1) analysis of the context of the record?**

---

[1] This court held long ago that the reclassification of a felony to a misdemeanor does not disqualify the conviction from being used to enhance the range of punishment. *State v. Wooldridge,* 237 S.W.3d 714, 716–17 (Tex. Crim. App. 2007). However, to appellate counsel's knowledge, no court has addressed whether the reclassification can be communicated to the jury in closing argument.

(3)   Did the Court of Appeals err in failing to reach the merits of Petitioner's complaint that his trial counsel was prevented from telling the jury that one of his enhancement convictions had been reclassified to a misdemeanor?

To preserve error on appeal, Tex. R. App. P. 33.1(a)(1) only requires that the specific grounds be apparent from the context of the record. To understand the context of the trial court's ruling during the closing argument in Petitioner's case, one has to start at the charge conference. There, Petitioner's trial counsel objected to the use of the burglary conviction to enhance Petitioner's punishment. [3 RR at 69-70]. The trial court correctly overruled the objection. *Id.* at 70. The dialogue during the charge conference, however, is important because it demonstrates that the trial judge knew that Petitioner's burglary offense had been reclassified, and that Petitioner's attorney knew that it would be included in the enhancement charge over his objection.

When jury argument began only a short time later, Petitioner's attorney devoted a few minutes to the burglary conviction. {3 RR 86]. Then, it became obvious that he intended to address the reclassification.  The record of the argument and objection is short:

> William Hubble was born in 1968. The State has alleged that he committed the crime, or was convicted of a crime of burglary of a motor vehicle in 1987. That would have made him around 19 years old. I don't know very many people that would want to be judged on their behavior as a 19 year old.
> *          *          *

> But another thing to remember about burglary of a
> motor vehicle, and no one is saying it's a good crime.
> There's no such a thing. But you also need to realize
> that since then and now --
>
> MR. POOLE: Judge, objection. He's going outside
> the record.
> THE COURT: Sustained.
>
> MR. FOSTEL: Okay.

*Id.* It takes no imagination to complete the sentence: "But you also need to realize that since then and now-- [*burglary of a vehicle has been reclassified to a misdemeanor.*]" (Emphasis added.) Apparent from the context of the record was that Appellants' trial counsel intended to tell the jury that the enhancement felony had been reclassified to a misdemeanor.[2] Beyond this, the record is completely silent.

Petitioner argued in the Court of Appeals that the judge erred in sustaining the prosecutor's objection. [AX 1 at 3]. Evidence of Appellant's prior conviction for burglary of a vehicle had been admitted, showing that the conviction occurred in 1987. *See,* State's Exh. 8; [3RR at 66]. That the offense had been reclassified by the legislature as a misdemeanor was not a fact extraneous to the evidence, but a reasonable explanation of the law based upon facts admitted. *See Eckert v. State,* 672 S.W.2d 600, 603 (Tex. App.-- Austin 1984, pet. ref'd). Since its reclassification was not a misstatement of the law, Appellant argued that his

---

[2] This was the subject of Appellant's issue on appeal—whether that argument was a correct statement of the law, constituting proper jury argument. This is a question of first impression that the Court avoided by determining that trial counsel had failed to preserve error.

attorney was entitled to discuss it. *Id.* *See also Melendez v. State*, 4 S.W.3d 437, 442 (Tex. App.--Houston [1st Dist.] 1999, no pet.), *overruled on other grounds, Small v. State*, 23 S.W.3d 549 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd). The trial judge erred when she sustained the Prosecutor's objection, and it cannot be said beyond a reasonable doubt that the error would not have affected Petitioner's sentence. *See* Tex. R. App. P. 44.[3]

The Court of Appeals refused to address Petitioner's argument. Instead, it determined that "the *only* matter apparent to the trial court from the context of the record was that defense counsel wanted to inform the jury that it should not use the prior burglary conviction for enhancement..." [AX 1 at 5](emphasis added). The court did not explain how this conclusion is supported by the record, nor did it attempt to rebut Petitioner's analysis.

The Court of Appeals' rationale is demonstrably flawed. If it were correct, one should be able to complete trial counsel's unfinished sentence with a phrase consistent with the court's conclusion that he attempted to inform the jury that the conviction could not be used for enhancement. There is simply no way to do that. The court's tortured analysis requires finishing the sentence per Petitioner's analysis, then *speculating* about what might be said afterward. Rule 33 does not

---

[3] Prohibiting counsel from making a particular jury argument amounts to a denial of the defendant's right to counsel when the argument is one the defendant is entitled to make. *Davis v. State*, 329 S.W.3d 798, 825 (Tex. Crim. App. 2010).

11

allow for that kind of conjecture; instead, it limits courts to what is "apparent from the context of the record", eliminating speculation about what might occur after the matter apparent are concluded. Tex. R. App. P. 33.1(a)(1).

Having decided that Petitioner's attorney attempted an improper argument, the Court dismissed any other interpretation by holding that, to the extent any other statement was intended, Petitioner's trial counsel failed to preserve error. [AX 1 at 5]. The Court dismissed other contextual interpretations without ever addressing Petitioner's analysis, nor explaining how the argument he advocated had been waived when the one raised *sua sponte* by the Court of Appeals was not. In short, its analysis was erroneously harsh and patently unfair:

> The standards of procedural default...are not to be implemented by splitting hairs in the appellate courts. As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Had the court fairly examined the record and Petitioner's complaint, it would have agreed with Petitioner's contextual analysis, determined that his trial counsel had preserved error, and reached the merits of Petitioner's appeal.[4]

---

[4] It is worth noting that Justice Dauphinot only concurred in the Court of Appeals' result, and ultimately would have granted Appellant a rehearing. [AX 1 at 6; AX 2].

## PRAYER

Petitioner's complaint in this case was crystal clear to everyone in the courtroom on the last day of his trial. His trial attorney didn't need to do anything else to make his intentions clearer. The Court of Appeals erred in resorting to a procedural default to avoid the merits of Petitioner's complaint that the trial court erred and deprived him of his Sixth Amendment right to counsel by sustaining the objection that prevented his attorney from telling the jury that one of his enhancement convictions had been reclassified to a misdemeanor.

**THEREFORE,** Petitioner requests this Court to grant his Petition for Review; determine that court of appeals erred in failing to reach the merits of Petitioner's complaint; and reverse the court of appeals' decision and remand this case to the court of appeals for a decision on the merits.

Respectfully submitted,

Jeff Springer
State Bar No. 18966750
SPRINGER & LYLE, LLP
1807 Westminster
Denton, TX 76205
940-387-0404 (phone)
940-383-7656 (fax)
jeff@springer-lyle.com

Jeff Springer
ATTORNEY FOR APPELLANT

13

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Appellate Procedure on the 6th day of March, 2015, by delivering it to the following:

| | |
|---|---|
| Ms. Janice Warder, Esq.<br>Cooke County District Attorney<br>101 Dixon Street, Suite 309<br>Gainesville, Texas 76240<br>janice.warder@co.cooke.tx.us | Ms. Sue Korioth, Esq.<br>Special Prosecutor<br>P.O. Box 600103<br>Dallas, Texas 75360-0103<br>suekorioth@aol.com |
| Lisa McMinn<br>State Prosecuting Attorney's Office<br>P.O. Box 13046<br>Austin, TX 78711<br>information@spa.texas.gov | |



## CERTIFICATE OF COMPLIANCE

In compliance with Tex. R. App. P. 9.4(i), I certify that this document contains 1,876 words. This document was created in Microsoft Word. The body is in conventional 14 point text, and the footnotes are in conventional 12 point text. I have relied on the software and word-count generated by the software in making this certificate.





# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

#### NO. 02-13-00541-CR

WILLIAM BUCKNER HUBBLE                                              APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
### TRIAL COURT NO. 07-256

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Buckner Hubble was charged with unlawfully possessing a firearm at a location other than where he lived after having been convicted of a felony. *See* Tex. Penal Code Ann. § 46.04(a) (West 2011). The State filed notice of its intention to use two prior felony convictions to enhance punishment to habitual offender status. The notice included a 1994 felony possession-of-a-

---

[1]*See* Tex. R. App. P. 47.4.

controlled-substance conviction and a 1987 felony burglary-of-a-motor-vehicle conviction.

A jury found Hubble guilty of unlawfully possessing a firearm. Prior to commencement of the punishment phase of trial, Hubble's defense attorney objected to the use of Hubble's 1987 burglary-of-a-motor-vehicle conviction as a prior felony conviction for enhancement purposes because the legislature had reclassified that offense from a felony to a misdemeanor after Hubble's 1987 conviction. The trial court overruled the objection.

During the punishment phase of trial, the State introduced evidence to support the two prior felony convictions. The State also introduced evidence of Hubble's prior misdemeanor convictions for assault in 1997, possession of marijuana in 2003 and in 2005, driving while intoxicated in 1993 and 2005, and possession of a prohibited weapon in 2006 and of a 1987 judgment revoking probation for burglary of a habitation.

During closing arguments, Hubble's attorney argued,

> Now, the charge, of course, has a huge wide range just like I told you it would during voir dire. You can assess anywhere from two to 99 years or life, depending upon your findings after you review this charge on punishment.

> . . . The State has alleged that he committed the crime, or was convicted of a crime of burglary of a motor vehicle in 1987. That would have made him around 19 years old. I don't know very many people that would want to be judged on their behavior as a 19 year old.

> Now, did there happen to be a gun? Obviously not. . . . . But another thing to remember about burglary of a motor vehicle, and no

2

one is saying it's a good crime. There's not such a thing. But you also need to realize that since then and now—

The State then objected that "he's going outside the record." The trial court sustained the objection.

The jury found both enhancement allegations to be true, which increased the punishment range to a minimum of 25 years' imprisonment and a maximum of 99 years' or life imprisonment, and assessed Hubble's punishment at sixty years' confinement. *See* Tex. Penal Code Ann. §12.42(d) (West Supp. 2014). The trial court sentenced Hubble accordingly. Although Hubble did not timely perfect an appeal, the Texas Court of Criminal Appeals granted his request for leave to file an out of time appeal. *See Ex Parte Hubble*, No. WR-79509-01, 2013 WL 5568448 (Tex. Crim. App. Oct. 9, 2013) (not designated for publication).

In two issues, Hubble contends that the trial court abused its discretion by sustaining the State's objection to his closing argument as set forth above. Hubble argues that the trial court's ruling impermissibly limited his closing argument and deprived him of his Sixth Amendment right to counsel. Hubble acknowledges that the Texas Court of Criminal Appeals has held that the State may use for enhancement purposes a prior felony that has since been reclassified as a misdemeanor. *See State v. Wooldridge*, 237 S.W.3d 714, 716–17 (Tex. Crim. App. 2007). And he concedes that the State's use of his prior conviction for burglary of a motor vehicle for enhancement was proper in this

3

case because that offense was classified as a felony at the time of his 1987 conviction. Rather, Hubble asserts that he should have been allowed to tell the jury that the offense of burglary of a motor vehicle has since been reclassified as a misdemeanor and that, consequently, had he committed that offense a few years later, the State could not have used it to enhance his punishment in this case.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Landers v. State*, 402 S.W.3d 252, 254 (Tex. Crim. App. 2013); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011). "To avoid forfeiture of a complaint on appeal, all a party has to do is let the trial judge know what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand the request at a time when the trial court is in a proper position to do something about it." *Bedolla v. State*, 442 S.W.3d 313, 316 (Tex. Crim. App. 2014).

Here, Hubble did not inform the trial court of the specific argument he intended to make after the State interrupted his argument to object and after the

4

trial court sustained the State's objection. Defense counsel argued, "[A]nother thing to remember about burglary of a motor vehicle, and no one is saying it's a good crime. There's not such a thing. But you also need to realize that since then and now—" The only other argument in the record that sheds light on what defense counsel was attempting to argue was his objection at the beginning of the punishment phase of trial to the State's use of Hubble's 1987 burglary of a vehicle conviction for enhancement. Specifically, defense counsel stated,

> Judge, I am going to object to the portion and to any enhancement that's come up with regard to burglary of a motor vehicle inasmuch as that offense since then has been reduced to a Class A -- I mean, not this particular one. I'm saying the legislature since the '80s has realized -- has thought better of it and gone back in and made that a Class A misdemeanor. I don't think it's fair to come at him two decades later using it as a felony enhancement. And we are asking that that be removed from the charge.

As the State recognizes on appeal, Hubble was not required to formally except to the trial court's ruling on the State's objection to preserve error for appeal but the only matter apparent to the trial court from the context of the record was that defense counsel wanted to inform the jury that it should not use the prior burglary conviction for enhancement because it has been reclassified as a misdemeanor. To the extent that defense counsel was attempting to make any other argument, he has not preserved his complaint for appeal. *See* Tex. R. App. P. 33.1(a)(1). And to the extent that defense counsel was attempting to argue that the jury should not use Hubble's 1987 felony conviction to enhance his punishment because it has since been reclassified as a misdemeanor, this is not

5

a proper statement of the law, as conceded by Hubble on appeal. *See Wooldridge*, 237 S.W.3d at 716–17. This argument is also contrary to the law contained in the jury charge. *See State v. Renteria*, 977 S.W.2d 606, 608 (Tex. Crim. App. 1998) (holding that jury argument stating law contrary to the jury charge is improper). The jury charge stated the applicable law regarding the jury's consideration of the prior felony offenses alleged by the State for enhancement; the jury was tasked with determining whether the allegation of the prior conviction was true beyond a reasonable doubt. An argument that the jury find the allegation not true because the prior offense is no longer classified as a felony would be an improper suggestion that the jury refuse to follow the law. *See Eckert v. State*, 672 S.W.2d 600, 603 (Tex. App.—Austin 1984, pet. ref'd).

Because Hubble was not entitled to make the only argument preserved for appeal and because he did not preserve for appeal any other complaint regarding his attempted jury argument, we overrule Hubble's two issues and affirm the trial court's judgment. *See* Tex. R. App. P. 33.1(a)(1).

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 23, 2014

6

<span style="color:red">FILE COPY</span>



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00541-CR

WILLIAM BUCKNER HUBBLE                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY
TRIAL COURT NO. 07-256

------------

# ORDER

------------

We have considered "Appellant's Motion For Rehearing."

It is the opinion of the court that the motion for rehearing should be and is hereby denied and that the opinion and judgment of December 23, 2014, stand unchanged.

The clerk of this court is directed to transmit a copy of this order to the attorneys of record.

SIGNED February 5, 2015.

/s/ Sue Walker
SUE WALKER
JUSTICE

FILE COPY

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DAUPHINOT, J. would grant.

FILE COPY