STATE of Texas, Appellant,

v.

Dwayne Heath WOOLDRIDGE, Appellee.

No. 11–03–00186–CR.

Court of Appeals of Texas, Eastland.

April 22, 2004.

James Eidson, District Attorney, Patricia Dyer, Assistant, Appellate Section Criminal Dist. Atty's Office, Abilene, Matthew W. Paul, State Prosecuting Atty., Jeffrey L. Van Horn, Asst. State's Atty., Austin, for appellee.

Richard C. Mabry, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

## Opinion

TERRY McCALL, Justice.

The jury convicted Dwayne Heath Wooldridge of the second degree felony offense of aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a)(2) & (b) (Vernon Supp.2004). The trial court assessed punishment at seven years confinement in the Institutional Division of the Texas Department of Criminal Justice. In its sole appellate issue, the State complains that the trial court erred in failing to sentence appellee as a habitual offender to a minimum sentence of 25 years under TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2004). We dismiss the State's appeal for want of jurisdiction.

Appellee was indicted for the offense of aggravated assault with a deadly weapon. The indictment contained two enhancement paragraphs alleging prior felony convictions for theft of a motor vehicle, one occurring in 1990 and the other in 1992. Both of the alleged prior convictions were for felonies involving theft of motor vehicles with values of $750 or more but less than $20,000. At the time of the alleged convictions, theft of property with a value of $750 or more but less than $20,000 was a third degree felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(a) (Vernon 1989) (current version at TEX. PENAL CODE ANN. § 31.03 (Vernon Supp.2004)). In 1993, the Legislature changed Section 31.03 to provide that theft of property with

a value of $1,500 or more but less than $20,000 is a state jail felony offense and that theft of property with a value of $500 or more but less than $1,500 is a Class A misdemeanor. *See* Section 31.03(e)(3) & (4); Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 31.03, 1993 Tex. Gen. Laws 3586, 3637–3638. The State sought enhancement of appellee's sentence under Section 12.42(d) of the Penal Code. Section 12.42(d) provides:

If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(e) (Vernon Supp.2004) provides:

A previous conviction for a state jail felony punished under Section 12.35(a) may not be used for enhancement purposes under Subsection (b), (c), or (d).

The trial court found that the two prior convictions alleged against appellee could not be used for enhancement purposes under Section 12.42(d) because of the 1993 change to Section 31.03 of the Penal Code. Based on the 1993 change, the trial court determined that the prior convictions had been changed to convictions for state jail felonies and, therefore, could not be used for enhancement purposes. The trial court did not make a finding of "true" or "untrue" on either of the prior convictions. The trial court sentenced appellee to seven years confinement.

Appellee did not appeal the trial court's judgment. In its appeal, the State argues that the trial court erred in refusing to use the prior convictions for enhancement purposes because the convictions were for offenses that were third degree felonies when they were committed. Therefore, the State contends that the trial court illegally sentenced appellee by refusing to sentence him to a minimum of 25 years under Section 12.42(d).

■ The State has limited rights of appeal in criminal cases. TEX. CODE CRIM. PRO. ANN. art. 44.01 (Vernon Pamph. Supp.2004). Article 44.01 provides in part:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy;

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case; or

(6) is issued under Chapter 64.

(b) The state is entitled to appeal a sentence in a case on the ground that the sentence is illegal.

(c) The state is entitled to appeal a ruling on a question of law if the defendant is convicted in the case and appeals the judgment.

(k) The state is entitled to appeal an order granting relief to an applicant for a writ of habeas corpus under Article 11.072.

The State's appeal in this case does not fall within the categories listed in Article 44.01(a)(1) thru (6), 44.01(c), or 44.01(k).

■ Article 44.01(b) gives the State the right "to appeal a sentence in a case on the ground that the sentence is illegal." The Court of Criminal Appeals has explained that Article 44.01(b) provides for the appeal of a sentence "not *when* the sentence is illegal, but *on the ground* that it is illegal." (Emphasis in original) *State v. Ross*, 953 S.W.2d 748, 750 (Tex.Cr.App. 1997). Thus, jurisdiction under Article 44.01(b) does not hinge on the legality of the sentence. Instead, Article 44.01(b) jurisdiction turns on whether the State appeals a *sentence*. *State v. Ross, supra* at 749. Therefore, when a court of appeals contemplates its jurisdiction under Article 44.01(b), the court must determine whether the State is appealing the sentence or whether it is appealing something other than the sentence. *State v. Baize*, 981 S.W.2d 204, 206 (Tex.Cr.App.1998). The State's mere assertion that it is appealing the sentence does not establish jurisdiction. *State v. Baize, supra.* The court of appeals may look behind the State's facial allegation of what it is appealing to determine whether it is in fact "appealing a sentence and not something else." *State v. Baize, supra.* Once the court of appeals determines that the State is appealing the sentence and not something else, jurisdiction is invoked under Article 44.01(b), and questions of legality can be addressed on the merits. *State v. Ross, supra* at 751. However, if the State is appealing something other than the sentence, then Article 44.01(b) does not provide a basis for jurisdiction of the State's appeal. *State v. Baize, supra* at 206–207.

We must determine whether the State is appealing the sentence or whether it is appealing something else. The Court of Criminal Appeals has explained the "sentence" as follows:

> [T]he sentence "is nothing more than the portion of the judgment setting out the terms of punishment." It consists of the *facts* of the punishment itself, including the date of commencement of the sentence, its duration, and the concurrent or cumulative nature of the term of confinement and the amount of the fine, if any. Factors that merely *affect* these facts are not part of the sentence. (Emphasis in original)

*State v. Kersh,* 127 S.W.3d 775, 777 (Tex. Cr.App.2004).

In *Ross,* the State brought an appeal contending that the sentence was illegal because the trial court had failed to enter a deadly weapon finding in the judgment. *State v. Ross, supra* at 749. A deadly weapon finding affects the defendant's eligibility for community supervision and parole. *See* TEX. CODE CRIM. PRO. ANN. art. 42.12, § 3g (Vernon Supp.2004); TEX. GOV'T CODE ANN. § 508.145 (Vernon Pamph. Supp.2004). For example, Section 3g of Article 42.12 provides that the provisions of Section 3, which allow the trial court to suspend the imposition of sentence and place the defendant on community supervision, do not apply where the defendant used or exhibited a deadly weapon. Also, under Section 508.145(d) of the Government Code, an inmate serving a sentence for an offense for which the judgment contains a deadly weapon finding is not eligible for parole until his calendar time served, without consideration of good conduct time, equals one-half of the sentence or 30 calendar years, whichever is less. A deadly weapon finding can also enhance punishment. The *Kersh* court noted that TEX. PENAL CODE ANN. § 12.35(c)(1) (Vernon 2003) "enhances the punishment for a state jail felony in which a deadly weapon was used or exhibited in its commission to that of a third-degree felony." *State v. Kersh, supra* at 777 n. 11. However, *Ross* involved a deadly weapon finding under TEX. CODE CRIM. PRO. ANN. art. 42.12 (Vernon Supp.2004). *Ross* did not involve deadly weapon findings used to enhance punishment pursuant to Section 12.35(c)(1) of the Penal Code. *State v. Kersh, supra.*

In *Ross,* the court of appeals determined that the deadly weapon finding was not part of the sentence and, therefore, that the State was not appealing the sentence. The court of appeals dismissed the State's appeal for want of jurisdiction. The Court of Criminal Appeals granted discretionary review to consider the jurisdictional issue. The Court of Criminal Appeals identified the jurisdictional question before it as "whether the sentence, as part of the judgment, incorporates affirmative findings, which are also part of the judgment." *State v. Ross, supra* at 750 n. 3. The Court of Criminal Appeals explained that, although deadly weapon findings under Article 42.12 may *affect* a sentence, they do not effectively become a sentence or any part thereof. *State v. Ross, supra* at 751. The Court of Criminal Appeals noted that TEX. CODE CRIM. PRO. ANN. art. 42.01 (Vernon Supp.2004) sets forth the elements of a proper judgment and that deadly weapon findings are listed separately from the portions regarding the sentence. *State v. Ross, supra.* The Court of Criminal Appeals held that the deadly weapon finding was not a part of the sentence and, therefore, that the State could not appeal the omission of the deadly weapon finding from the trial court's judgment. *State v. Ross, supra* at 752.

In *Kersh,* the trial court assessed the defendant's punishment at an adjudication

hearing without considering enhancement allegations that previously had been found to be true. *State v. Kersh, supra* at 776. The State brought an appeal contending that the trial court's failure to consider the enhancement findings resulted in an illegal sentence. The State argued that, by ignoring the enhancement findings, the trial court sentenced the defendant outside the range of punishment for a felony committed by a habitual offender. After finding that the sentence was illegal, the court of appeals reversed the trial court. *State v. Kersh, supra.* The Court of Criminal Appeals granted discretionary review on the issue of whether the court of appeals had erred in taking jurisdiction of the State's appeal. The Court of Criminal Appeals stated the issue before it as follows:

> [W]e must decide whether the State may appeal a trial court's decision to ignore enhancement allegations that previously have been found to be true when assessing punishment at an adjudication hearing. The answer to this question depends upon whether such a decision is part of the "sentence" under Code of Criminal Procedure articles 42.02 and 44.01(b).

*State v. Kersh, supra* at 776. In analyzing the issue, the Court of Criminal Appeals emphasized two important differences between enhancement findings and deadly weapon findings. *State v. Kersh, supra* at 777–78. First, Article 42.01—the Article that sets forth the proper elements of judgments—does not explicitly mention enhancements. Second, the Court of Criminal Appeals noted that "assessment of punishment within a particular range is part of the sentence" and that Chapter 12 of the Texas Penal Code (the Chapter that sets punishment ranges for offenses) includes the ranges for habitual and repeat offenders. The Court of Criminal Appeals explained that:

> The duration of punishments prescribed for habitual and repeat offenders is part of the sentence just as is the duration of punishments prescribed for the other types of offenses addressed in Chapter 12. Deadly-weapon findings under article 42.12 do not appear in Chapter 12, [and] we consider them to be included in the facts pertaining to the proper punishment and the term of confinement, as they only *affect* the duration of the sentence. The legislature's decision to prescribe the punishments for exceptional sentences and those for ordinary sentences in the same explicit manner supports the conclusion that both are included in the meaning of "sentence" under article 42.02. (Emphasis in original)

*State v. Kersh, supra.* The Court of Criminal Appeals held that the enhancement findings were part of the sentence and, therefore, that the State could appeal the trial court's failure to consider the enhancement findings on the ground that the sentence was illegal. *State v. Kersh, supra* at 778. The Court of Criminal Appeals also noted that a deadly weapon finding that enhances punishment for a state jail felony under Section 12.35(c)(1) would be part of the sentence. *State v. Kersh, supra* at 777 n. 11.

This case is distinguishable from *Kersh.* In this case, the State contends that the sentence of appellee was illegal because the trial court failed to sentence appellee to a minimum of 25 years under Section 12.42(d). The State's primary complaint is that the trial court erred in its decision that the prior convictions alleged in the indictment could not be used for enhancement purposes because of the 1993 change in the law. The trial court did not make "enhancement findings" in this case. The trial court did not make findings of "true" or "untrue" on the enhancement allegations. We note that, for a sentence to be illegal, it must be unauthorized by law.

*State v. Webb,* 980 S.W.2d 924 (Tex.App.-Fort Worth 1998), *aff'd,* 12 S.W.3d 808 (Tex.Cr.App.2000). Without "true" findings on both of the enhancement paragraphs, the seven-year sentence was a statutorily allowable punishment for a second degree felony conviction. *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003); *see also State v. Dickerson,* 864 S.W.2d 761, 763 (Tex.App.-Houston [1st Dist.] 1993, no pet'n).

In the absence of "true" findings, the enhancements alleged did not become part of the sentence. The State is not appealing the sentence. Instead, the State is appealing the trial court's ruling on a question of law that the prior convictions could not be used for enhancement purposes. Article 44.01(b) does not provide jurisdiction for the State's appeal.

In *State v. Webb, supra* at 926, the State contended that the trial court entered an illegal sentence by failing to apply enhancing provisions. The court of appeals determined that "[t]he State's point [was] more appropriately characterized as an appeal of a ruling on a question of law." *Webb v. State, supra.* The State's issue in this case, like in *Webb,* "is more appropriately characterized as an appeal of a ruling on a question of law." In *Webb,* the State could appeal a question of law point under Article 44.01(c) because the defendant had also appealed the judgment. Here, the State could not appeal a question of law point under Article 44.01(c) because appellee did not appeal the judgment.

The State's appeal is dismissed for want of jurisdiction.