Dwayne Heath WOOLDRIDGE,
Appellant,

v.

The STATE of Texas.

No. PD–0912–04.

Court of Criminal Appeals of Texas.

March 9, 2005.

———

Richard C. Mabry, Abilene, for Appellant.

Jeffrey L. Van Horn, First Assist. St. Atty., Matthew Paul, State's Attorney, Austin, for State.

## OPINION

HERVEY, J., delivered the opinion of the Court in which KELLER, PJ., MEYERS, PRICE, WOMACK, KEASLER, and COCHRAN, JJ., joined.

Article 44.01(b), TEX.CODE CRIM. PROC., allows the State to "appeal a sentence in a case on the ground that the sentence is illegal." In *State v. Kersh,* we decided that Article 44.01(b) authorizes the State to appeal a trial court's decision not to consider its previous "true" findings on enhancement allegations when assessing punishment at an adjudication hearing. *See State v. Kersh,* 127 S.W.3d 775, 776–77 (Tex.Cr.App.2004). In this case, the Court of Appeals decided that Article 44.01(b) did not authorize the State to appeal the trial court's decision not to consider enhancement allegations when assessing appellant's punishment following his conviction by a jury for the second-degree felony offense of aggravated assault with a deadly weapon. *See State v. Wooldridge,* 135 S.W.3d 312, 313 (Tex.App.-Eastland 2004). The Court of Appeals distinguished our decision in *Kersh* on the basis that the trial court's previous findings of "true" to the enhancement allegations made them part of the sentence in *Kersh. See Wooldridge,* 135 S.W.3d at 316–17 (in absence of "true" findings, enhancement allegations did not become part of the sentence).[1]

We exercised our discretionary authority to review this decision. The grounds upon which we granted discretionary review state:

1. Here, as in *Kersh,* the State sought to have appellant sentenced as an habitual offender under Section 12.42(d), TEX. PEN.CODE. *See* *Kersh,* 127 S.W.3d at 776–77; *Wooldridge,* 135 S.W.3d at 313.

1) Does the State have authority, pursuant to [Article 44.01(b)], to appeal the trial court's failure to consider or apply enhancement allegations alleged in the indictment?

2) Did the Court of Appeals err by considering the merits of the State's appeal in connection with the issue of appellate jurisdiction?

Our decision in *Kersh* did not turn on whether the enhancement allegations were previously found to be true. Our decision in *Kersh* explained that the definition of "sentence" is "nothing more than the portion of the judgment setting out the terms of punishment" and that this "consists of the *facts* of the punishment itself" including, among other things, "its duration." *See Kersh*, 127 S.W.3d at 777 (emphasis in original). *Kersh* further explained that the "duration of punishments prescribed for habitual and repeat offenders [under Chapter 12 of the Penal Code] is part of the sentence." *See id.* This applies even when enhancement allegations are not previously found to be true. Any legal significance attributable to the trial court's failure to find the enhancement allegations to be true in this case relates to the merits of the State's contention that the sentence is illegal, and not to whether the State is appealing a sentence on the grounds that the sentence is illegal. *See State v. Gutierrez*, 129 S.W.3d 113, 115 (Tex.Cr.App. 2004) (it is error to focus on merits of State's appeal in determining whether State's appeal is statutorily authorized); *State v. Ross*, 953 S.W.2d 748, 750 (Tex.Cr. App.1997) (when State appeals a sentence, jurisdiction is properly invoked and questions of legality can be addressed on their merits).

We decide, based on our decision in *Kersh*, that the State appealed a sentence on the ground that the sentence is illegal and that the jurisdiction of the Court of Appeals was, therefore, properly invoked. As in *Kersh*, 127 S.W.3d at 777, our review is limited to jurisdictional questions, and we express no opinion on the legality of the sentence imposed.

The judgment of the Court of Appeals is reversed, and the cause is remanded there for further proceedings.

JOHNSON, J., concurred.

HOLCOMB, J., dissented.