IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0912-04






THE STATE OF TEXAS, Appellant



v.



DWAYNE HEATH WOOLDRIDGE
, Appellee





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY





 Hervey, J., delivered the opinion of the Court in which Keller, PJ., Meyers,
Price, Womack, Keasler, and Cochran, JJ., joined. Johnson, J., concurred. Holcomb,
J., dissented.


OPINION 



 Article 44.01(b), Tex. Code Crim. Proc., allows the State to "appeal a sentence in a case on
the ground that the sentence is illegal." In State v. Kersh, we decided that Article 44.01(b) authorizes
the State to appeal a trial court's decision not to consider its previous "true" findings on enhancement
allegations when assessing punishment at an adjudication hearing. See State v. Kersh, 127 S.W.3d
775, 776-77 (Tex.Cr.App. 2004). In this case, the Court of Appeals decided that Article 44.01(b) did
not authorize the State to appeal the trial court's decision not to consider enhancement allegations
when assessing appellant's punishment following his conviction by a jury for the second-degree
felony offense of aggravated assault with a deadly weapon. See State v. Wooldridge, 135 S.W.3d 312,
313 (Tex. App.-Eastland 2004). The Court of Appeals distinguished our decision in Kersh on the
basis that the trial court's previous findings of "true" to the enhancement allegations made them part
of the sentence in Kersh. See Wooldridge, 135 S.W.3d at 316-17 (in absence of "true" findings,
enhancement allegations did not become part of the sentence). (1) 

 We exercised our discretionary authority to review this decision. The grounds upon which
we granted discretionary review state:

 1) Does the State have authority, pursuant to [Article 44.01(b)], to appeal the trial
court's failure to consider or apply enhancement allegations alleged in the indictment?


 2) Did the Court of Appeals err by considering the merits of the State's appeal in
connection with the issue of appellate jurisdiction?


 Our decision in Kersh did not turn on whether the enhancement allegations were previously
found to be true. Our decision in Kersh explained that the definition of "sentence" is "nothing more
than the portion of the judgment setting out the terms of punishment" and that this "consists of the
facts of the punishment itself" including, among other things, "its duration." See Kersh, 127 S.W.3d
at 777 (emphasis in original). Kersh further explained that the "duration of punishments prescribed
for habitual and repeat offenders [under Chapter 12 of the Penal Code] is part of the sentence." See
id. This applies even when enhancement allegations are not previously found to be true. Any legal
significance attributable to the trial court's failure to find the enhancement allegations to be true in
this case relates to the merits of the State's contention that the sentence is illegal, and not to whether
the State is appealing a sentence on the grounds that the sentence is illegal. See State v. Gutierrez,
129 S.W.3d 113, 115 (Tex.Cr.App. 2004) (it is error to focus on merits of State's appeal in
determining whether State's appeal is statutorily authorized); Ross v. State, 953 S.W.2d 748, 750
(Tex.Cr.App. 1997) (when State appeals a sentence, jurisdiction is properly invoked and questions
of legality can be addressed on their merits).

 We decide, based on our decision in Kersh, that the State appealed a sentence on the ground
that the sentence is illegal and that the jurisdiction of the Court of Appeals was, therefore, properly
invoked. As in Kersh, 127 S.W.3d at 777, our review is limited to jurisdictional questions, and we
express no opinion on the legality of the sentence imposed.

 The judgment of the Court of Appeals is reversed, and the cause is remanded there for further
proceedings.

 Hervey, J.


Delivered: March 9, 2005

Publish
1. Here, as in Kersh, the State sought to have appellant sentenced as an habitual offender under
Section 12.42(d), Tex. Pen. Code. See Kersh, 127 S.W.3d at 776-77; Wooldridge, 135 S.W.3d at
313.