NUMBER 13-05-370-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

IN
RE: THE STATE OF TEXAS

EX
REL ARMANDO R. VILLALOBOS

COUNTY
(CRIMINAL DISTRICT) ATTORNEY,

CAMERON
COUNTY, TEXAS

 

 

 

On
appeal from the County Court at Law No. 3

of Cameron County, Texas

 

 

 

DISSENTING MEMORANDUM OPINION 

ON MOTION FOR REHEARING

 

Before Justices Yañez, Castillo and
Garza

Dissenting Memorandum Opinion by
Justice Castillo

 








In the State's direct appeal, by separate opinions,
we decided that, essentially, the State had not shown its appeal is
authorized.  On motion for rehearing, the
State asserts that the appealed-from order is in actuality either an order
arresting judgment or an order granting a new trial and, thus, appealable under
article 44.01.[1]  See Tex.
Code Crim. Proc. Ann. art. 44.01 (Vernon Supp. 2005). 

Our review is limited to jurisdictional
questions.  Wooldridge v. State,
158 S.W.3d 484, 485 (Tex. Crim. App. 2005); see State v. Gutierrez,
129 S.W.3d 113, 115 (Tex. Crim. App. 2004) (holding that it is error to focus
on merits of State's appeal in determining whether State's appeal is
statutorily authorized).  Another panel
of this Court recently found appellate jurisdiction on grounds that entry of an
instructed verdict served as "both a functional acquittal [of the greater
charged offense] and grant of a new trial."  See State v. Cook, No. 13‑04‑533‑CR,
2006 Tex. App. LEXIS 460, 7‑8 (Tex. App.BCorpus
Christi, January 19,  2006) (not
designated for publication). 
Accordingly, guided by the rationale in Cook, I agree with the
State that, in this case, the trial court's entry of an acquittal was the
functional equivalent of granting a new trial. 
See id.  Because the State
is statutorily authorized to appeal the grant of a new trial, I conclude we
have jurisdiction.  Tex. Code Crim. Proc. Ann. art.
44.01(a)(3). Because the State's appeal is tied to its request for
extraordinary relief, I would grant the motions in both proceedings.  

                                                                                                ERRLINDA
CASTILLO

Justice

Do
not publish.

Tex. R. App. P. 47.2(b)

 

Dissenting
Memorandum Opinion delivered 

and filed this the 13th day of April, 2006.











[1]The State is entitled to appeal an
order of a court in a criminal case if the order arrests or modifies a judgment
or grants a new trial.  Tex. Code Crim. Proc. Ann. art.
44.01(a)(2), (3) (Vernon Supp. 2005).