Opinion filed December 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 17,
2009

 

 

 

 

 

 

                                                                          In
The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00134-CR 

                                                     __________

 

                         DEWAYNE
HEATH WOOLDRIDGE, Appellant

 

                                                             V.

                        STATE
OF TEXAS, Appellee

 



 

                                             On
Appeal from 350th District Court 

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 6046-D

 



 

                                              M
E M O R A N D U M   O P I N I O N

Dewayne
Heath Wooldridge was convicted of aggravated assault with two priors. 
Appellant appeals from a punishment hearing setting his punishment at
twenty-five years confinement in the Texas Department of Criminal Justice,
Institutional Division.  We affirm.

Procedural
History








This
case has spanned seven years and is before this court for the third time.   In
2002, Wooldridge was indicted for aggravated assault with a deadly weapon.  The
indictment alleged two enhancements for theft of motor vehicle convictions. 
The first occurred in 1990 and the second in 1992.  Both offenses were
classified as third degree felonies at the time of Wooldridge=s convictions.  See
former Tex. Penal Code ' 31.03(e)(4)(A) (1989)
(current version at Tex. Penal Code Ann.
' 31.03 (Vernon Supp.
2009)).  In 1993, the legislature amended Section 31.03 to provide that theft
of property with the value involved in Wooldridge=s
1992 conviction would be classified as a state jail felony and his 1990
conviction a Class A misdemeanor.  Act of May 29, 1993, 73rd Leg., R.S., ch.
900, 1993 Tex. Gen. Laws 3586, 3637-3638.  Because of this change in the law,
the trial court found that the alleged enhancements were state jail felonies
and could not be considered for enhancement purposes under Tex. Penal Code Ann. ' 12.42(d) (Vernon Supp.
2009) and sentenced Wooldridge to seven years confinement.

The
State appealed the trial court=s
judgment, asserting that the trial court illegally sentenced Wooldridge because
it had failed to sentence him as a habitual offender to a minimum sentence of
twenty-five years under Section 12.42(d).  See State v. Wooldridge,
135 S.W.3d 312 (Tex. App.CEastland
2004, pet. granted).  We held that we did not have jurisdiction because the
State did not have grounds to appeal under Tex.
Code Crim. Proc. Ann. art. 44.01(b) (Vernon Supp. 2009).  We held that
the State was not appealing the legality of the sentence but, rather, was
appealing the trial court=s
ruling on a question of law.  Id. at 317.  We further held that the
enhancements were not part of Wooldridge=s
sentence because the trial court did not find the enhancements true.  Id.

On
petition for discretionary review, the Court of Criminal Appeals reversed this
court=s judgment and
held that we did have jurisdiction to consider the State=s appeal.  Wooldridge v. State, 158
S.W.3d 484 (Tex. Crim. App. 2005).  The court explained that A[a]ny legal significance
attributable to the trial court=s
failure to find the enhancement allegations to be true . . . relates to the
merits of the State=s
contention that the sentence is illegal, and not to whether the State is
appealing a sentence on the grounds that the sentence is illegal.@   Id. at 485.  The
Court of Criminal Appeals remanded the case to this court to determine whether
the sentence was legal.  Id. 








On
remand, we held that the trial court made an error in law by finding that the
prior convictions could not be considered for enhancement purposes.  Wooldridge
v. State, 170 S.W.3d 194 (Tex. App.CEastland
2005, pet. granted).  The alleged convictions were for offenses that were third
degree felonies when they were committed; therefore, they could be used as
felony enhancements under Section 12.42(d).  Id. at 196.   However,
relying on Harris v. State, 153 S.W.3d 394 (Tex. Crim. App. 2005), we
concluded that the trial court=s
seven-year sentence was not illegal because the trial court did not make a
finding of true on the enhancements.  Id. at 197.  Without a finding of
true on the enhancements, the trial court could not sentence Wooldridge as a
habitual offender.  Id. 

The
Court of Criminal Appeals again granted discretionary review and reversed this
court=s judgment.  State
v. Wooldridge, 237 S.W.3d 714 (Tex. Crim. App. 2007).  The Court of
Criminal Appeals distinguished Harris by noting that while in both cases
the trial court received evidence of prior convictions, and in both cases it
made no specific finding of true, in this instance the court discerned that the
trial court believed the enhancement allegations were true.  Id.
at 718.  Because it believed the enhancement allegations were true, the
original punishment was not based upon a fact but on a ruling of law.  Id. 
The case was remanded to the trial court for a new sentencing hearing. 

Despite
the Court of Criminal Appeals=s
postulation, the trial court on remand noted that there was no finding of true,
and the State conceded that there was no finding Aone
way or the other on the record.@ 
The trial court proceeded to make a factual determination on the enhancement
allegations.  The State agreed with the trial court that Wooldridge needed to
enter a plea.  Wooldridge pleaded not true, and the trial court heard evidence
and found that the enhancement paragraphs were true.  The trial court then
sentenced Wooldridge to twenty-five years confinement.  Wooldridge appeals the
trial court=s
judgment. 

Issues

Wooldridge
raises three issues on appeal.  In his first two issues, he asserts that the
evidence is legally and factually insufficient to sustain the jury=s verdict of guilty.  In
his third issue, he asserts that his resentencing was barred by double
jeopardy.  

Sufficiency
of the Evidence

Wooldridge
argues that the evidence is legally and factually insufficient to sustain the
jury=s guilty verdict
for aggravated assault.  This is the first time that Wooldridge has raised this
issue on appeal. Wooldridge initially filed an appeal challenging his
conviction.  However, before any briefs were filed, Wooldridge moved to dismiss
his appeal, and we did so.  See State v. Wooldridge,
No. 11-03-00186-CR, 2003 WL 22103212 (Tex. App.CEastland, Sept. 11, 2003). 








When
a court of appeals or the Court of Criminal Appeals reverses a judgment only on
the basis of an error or errors made during the punishment phase of a trial,
the case shall stand as if a finding of guilt has been returned and proceed to
the punishment stage of the trial.  Tex.
Code  Crim. Proc. Ann. art. 44.29(b)
(Vernon Supp. 2009).  When a case is remanded for punishment only, the
conviction on guilt/innocence is essentially affirmed.  Sanders v. State,
963 S.W.2d 184, 186 (Tex. App.CCorpus
Christi 1998, pet. ref=d).
The only issues that can be raised on remand from either a court of appeals or
the Court of Criminal Appeals are those issues raised as a result of the
opinion by the court, its application on remand, and any subsequent authorities
on the issues that had previously been presented.  Id. 

Wooldridge
did not challenge the sufficiency of the evidence in his original appeal.  The
Court of Criminal Appeals only remanded the case to the trial court for a new
punishment hearing.  Wooldridge cannot now challenge the jury=s verdict on
guilt/innocence when that issue was not before the trial court on remand. 
Wooldridge=s first and
second issues are overruled.

Double
Jeopardy 

Wooldridge
argues that his resentencing was barred by double jeopardy.  Wooldridge=s argument stems from two
rules of law.  First, Wooldridge argues that the trial court=s initial seven-year
sentence should be upheld under the Aright
ruling, wrong reason@
doctrine.  See, e.g.,  State v. Herndon, 215 S.W.3d 901,
905 (Tex. Crim. App. 2007) (holding that a trial court=s ruling on a motion for new trial will be
upheld if it is correct on any applicable legal theory, even if the court
articulated an invalid basis).  Wooldridge argues that it does not matter that
the trial court incorrectly assumed that it could not consider the enhancements
because the trial court did not find the enhancements true.  Without true
findings, Wooldridge asserts that the enhancements could not be used.  Thus,
even though it erred in determining what could be considered, its punishment
was correct because it was based upon the findings in the record.

Second,
Wooldridge argues that the Court of Criminal Appeals failed to consider the
factual conclusivity clause.[1]  Decisions of
the courts of appeals are conclusive on all questions of fact brought before
them on appeal.  The Court of Criminal Appeals does not have jurisdiction to Aunfind@ a vital fact.  Goodman v.
State, 66 S.W.3d 283, 284-85 (Tex. Crim. App. 2001).  Wooldridge argues
that this court found that the trial court did not make a finding of true or
untrue and that the Court of Criminal Appeals did not have jurisdiction to
unfind that fact.  See  Wooldridge, 170 S.W.3d at 195.








            We
cannot sustain either argument because to do so would require that we overrule
the Court of Criminal Appeals=s
last holding B a prerogative
we do not enjoy.  We previously found that Harris was applicable because
the trial court made no finding of true before assessing Wooldridge=s sentence.  On remand, the
trial court agreed with our determination, the State conceded that there was no
finding, and B without
objection by either side B
the trial court conducted an evidentiary hearing to determine if the
enhancement allegations were in fact true.  However, the Court of Criminal
Appeals has previously distinguished Harris by ascertaining that the
trial court believed the enhancements were true, and it has determined that
this unregistered belief is sufficient to preclude application of the double
jeopardy clause.[2] 
Consequently, we have no discretion but to overrule Wooldridge=s third issue. 

Conclusion

We
affirm the trial court=s
judgment. 

 

 

RICK STRANGE 

JUSTICE

 

December 17,
2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J. 









[1]Tex. Const. art. V, ' 6.





[2]U.S. Const. amend. V.