

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00058-CR

THE STATE OF TEXAS                                            **STATE**

V.

STEWART LE RICHARDSON                              **APPELLEE**

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### I. Introduction

Appellee Stewart Le Richardson was charged by indictment with multiple counts of intoxication-related crimes arising out of the same episode. The indictment also alleged prior convictions as repeat-offender notices to enhance the punishment range. At a pretrial hearing, the trial court granted Appellee's motion to quash the enhancement allegations, and the State appealed. After the case was submitted and argued, this court requested briefing from the parties on

whether the trial court's order constituted a dismissal of any portion of the indictment so that a State's appeal was authorized under article 44.01(a)(1) of the code of criminal procedure.[1]  *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2011).  We hold that the trial court's order did not dismiss "a portion of the indictment" and that, therefore, the State's appeal is not permitted under article 44.01(a)(1).

## II.  Background

The indictment in this case arose out of an alcohol-related car accident that caused serious bodily injury to four family members, and it charged Appellee in relevant part with eight counts of second-degree aggravated assault.  *See* Tex. Penal Code Ann. § 22.02(a)(1), (2) (West 2011).  For enhancement purposes, the indictment also alleged three prior out-of-state alcohol-related "aggravated misdemeanor" convictions (designated as repeat offender notices), all arising out of the same criminal episode.  The State intended to rely on the enhancement paragraphs to elevate the potential punishment for the second-degree aggravated assault charges to the first-degree range.   Throughout pretrial preparations, the State maintained that Appellee's Iowa "aggravated

---

[1]A court may *sua sponte* review its jurisdiction over the merits of an appeal.  *See State v. Roberts*, 940 S.W.2d 655, 657 (Tex. Crim. App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892, 903 (Tex. Crim. App. 2002); *see also State v. Morgan*, 160 S.W.3d 1, 3 (Tex. Crim. App. 2004) (granting review, on its own motion, regarding whether article 44.01 authorized the State's appeal and holding that the State's appeal was interlocutory for which appellate courts have no jurisdiction).

misdemeanors" should be classified as felonies under article 12.41(1) of the penal code.[2]  In response, Appellee filed a motion to quash the enhancement allegations in the indictment and, alternatively, to prohibit the State from reading or alleging that he is subject to an enhanced penalty at any phase of the trial.  He argued that the Iowa convictions constituted misdemeanors under section 12.41(2).[3]

At a pretrial hearing, the trial court granted Appellee's motion.  Afterward, the trial court asked the State if it planned to appeal, and the State responded, "[W]e're going to call the injured party's family and talk to them and then we're going to make a decision.  That is one of the options we are considering is taking this up on appeal, yes. . . .  There may be some other adjustments to which counts we're going forward on, if we make a decision to go forward, but I think we'll have that answer for you [today or over the weekend]."  Subsequently, the State informed the trial court that it planned to pursue an appeal.  The State also requested that the trial court enter findings of fact and conclusions of law and a written order.  At a hearing, the trial court orally stated that section "F" of the

[2]Section 12.41(1) provides in part that "any conviction not obtained from a prosecution under this code shall be classified as [a] . . . 'felony of the third degree' if imprisonment in [TDCJ] or another penitentiary is affixed to the offense as a possible punishment."  Tex. Penal Code Ann. § 12.41(1) (West 2011).

[3]Section 12.41(2) permits an out-of-state conviction to be classified as a Class B misdemeanor "if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment."  *Id.* § 12.41(2).

State's proposed findings and conclusions summarized the trial court's ruling.

Section "F" stated,

> Since [Appellee's] Iowa convictions were categorized as aggravated misdemeanors in that state, they are not available for enhancement purposes pursuant to Tex. Penal Code § 12.42 because they constitute Class B misdemeanors under Tex. Penal Code § 12.41(2).

The trial court also entered the following February 8, 2010 written order:

> [T]he State may not use the offense[s] alleged in the repeat offender notice of the indictment as enhancement paragraphs, and may further not refer to those offenses as felony convictions, in that they are misdemeanors.

The State's notice of appeal stated that it was "made pursuant to Texas Code of Criminal Procedure article 44.01(a)(1) authorizing the State to appeal a trial court order which dismisses any portion of an indictment." On July 6, 2011, this court sent a letter to the parties stating that

> the court is concerned that it may lack jurisdiction over this appeal; therefore, briefing is requested on whether the trial court's February 8, 2010 order constitutes a dismissal of any portion of the indictment so that a State's appeal is authorized under article 44.01(a)(1) of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2010).

### III. Analysis

### A. The Plain Meaning of Article 44.01(a)(1)

The State's right to appeal is set out in article 44.01. *See* Tex. Code Crim. Proc. Ann. art. 44.01; *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceeding). Pertinent to this analysis, article 44.01(a)(1) provides that the State is entitled to appeal a trial court's order that "dismisses an

indictment . . . or any portion of an indictment . . . ." Tex. Code Crim. Proc. Ann. art. 44.01(a)(1). Citing *Boykin v. State*, the State asserts that the plain meaning of this unambiguous language invokes its right to appeal because (1) the State alleged out-of-state prior convictions (for enhancement purposes) in the indictment,[4] (2) these enhancement paragraphs were a "portion of the indictment" relied upon by the State, and (3) the trial judge rejected the State's enhancement provisions. *See* 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

In line with *Boykin*, however, the court of criminal appeals has held that "a word should be construed according to any technical or particular meaning that it has acquired by legislative definition or otherwise." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008); *see* Tex. Code Crim. Proc. Ann. art. 3.01 (West 2008) ("All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."). As demonstrated below, the words "indictment" and "enhancement paragraphs" have particular meanings that do not support the State's position.

In *Brooks v. State*, the court of criminal appeals held that "prior convictions used as enhancements must be pled in some form, but they need not be pled in

---

[4]The State notes, "One typical way of providing notice of enhancement allegations is including that language in the indictment. *See Brooks v.* State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997)."

5

the indictment—although it is permissible and perhaps preferable to do so." 957 S.W.2d at 33; *see Williams v. State*, 172 S.W.3d 730, 734 (Tex. App.—Fort Worth 2005, pet. ref'd).  In so holding, the *Brooks* court explained,

> Article 27.01 provides that an indictment is the State's "*primary pleading in a criminal action*" (emphasis added).  By inference, the statute indicates that other, ancillary pleadings by the State are possible, and in fact, we have recognized that certain matters, such as the intent to seek a deadly weapon finding, may be pled apart from the indictment.  Article 21.03 provides that "[e]verything should be stated in an indictment which is necessary to be proved."  We have interpreted that provision to mean that an indictment must include "everything necessary to be proven to sustain a conviction *in the guilt/innocence phase*" of a trial.

957 S.W.2d at 32 (citations omitted); *see Pelache v. State*, 324 S.W.3d 568, 576 (Tex. Crim. App. 2010) (holding that "due process does not require pretrial notice 'that the trial on the substantive offense will be followed by an habitual criminal proceeding'") (quoting *Oyler v. Boles*, 368 U.S. 448, 452, 82 S. Ct. 501, 504 (1962))..

In *Calton v. State*, the court of criminal appeals explained the difference between a prior conviction alleged as an enhancement provision and a prior conviction alleged as an element of an offense.  176 S.W.3d 231, 233–34 (Tex. Crim. App. 2005).  The *Calton* court explained,

> Our Legislature has defined the elements of an offense as the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. . . .
>
> A prior conviction alleged for enhancement "is not really a component element of the primary offense."  Instead, it is "an historical fact to show the persistence of the accused, and the futility of ordinary measures of punishment as related to him."  An

6

enhancement "increase[s] the punishment range to a certain range above that ordinarily prescribed for the indicted crime." It does not change the offense, or the degree of the offense, of conviction. There can be no enhancement until a person is first convicted of an offense of a certain degree.

*Id.* (citations omitted); *see Reyes v. State*, 314 S.W.3d 74, 80 (Tex. App.—San Antonio 2010, no pet.) (holding that if the prior conviction is an enhancement allegation, it is not an element of the offense, and it need not be pled in the indictment or included in a hypothetically correct jury charge regarding the primary offense).[5]

Here, the State does not argue that the prior convictions set out in the indictment are elements of the primary offenses. Instead, the State asserts that the prior convictions are alleged for enhancement purposes. Indeed, the State's merits brief provides that "[t]he State seeks reinstatement of repeat-offender paragraphs erroneously quashed by the trial judge so that this DWI recidivist will face the highest possible range of punishment when ultimately tried for his Texas crimes."

---

[5]Intermediate appellate courts have made similar holdings in the context of article 28.10. *See* Tex. Code Crim. Proc. Ann. art. 28.10 (West 2006) (setting forth requirements for amending an indictment or information); *see also Thomas v. State*, 286 S.W.3d 109, 114 (Tex. App.—Houston [14th Dist.], order) ("An enhancement allegation that is not part of the State's case-in-chief is not part of the 'substance' of the indictment."), *disp. on merits*, 304 S.W.3d 849 (Tex. App.— Houston [14th Dist.] 2009, pet. ref'd); *Johnson v. State*, 214 S.W.3d 157, 158–59 (Tex. App.—Amarillo 2007, no pet.) (noting that "[s]ince enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the indictment").

Notably, in discussing the State's right under article 44.01(b) to appeal an illegal sentence, the court of criminal appeals explained that

> Chapter 12 of the Penal Code provides the punishment ranges for offenses, and includes the ranges for habitual and repeat offenders. The duration of punishments prescribed for habitual and repeat offenders is part of the sentence just as is the duration of punishments prescribed for the other types of offenses addressed in Chapter 12. . . . The legislature's decision to prescribe the punishments for exceptional sentences and those for ordinary sentences in the same explicit manner supports the conclusion that both are included in the meaning of "sentence" under article 42.02.

*State v. Kersh*, 127 S.W.3d 775, 777–78 (Tex. Crim. App. 2004) (citation omitted); *see generally Wooldridge v. State*, 158 S.W.3d 484 (Tex. Crim. App. 2005) (discussing *Kersh* and article 44.01(b)). In light of the accepted meanings of "indictment" and "enhancement paragraphs," the trial court did not dismiss "a portion of the indictment."

### B. *State v. Moreno*

The State also asserts that the principles set out in *State v. Moreno*—in which the court of criminal appeals reviewed the legislative history of the State's right to appeal—control and support its right to appeal. *See* 807 S.W.2d 327 (Tex. Crim. App. 1991). An analysis of *Moreno* and its progeny, however, supports our conclusion that the trial court did not dismiss a portion of the indictment.

The State charged Moreno with knowingly agreeing to engage in sexual conduct. *Id.* at 328. Moreno filed a motion to quash the information, alleging that the term "agree" should be defined in greater detail. *Id.* The trial court quashed

8

the information, and the State appealed. The court of appeals held that article 44.01 did not allow the State to appeal because the trial court did not order the information dismissed and the State could cure the alleged defect by amendment and continue its prosecution. *Id*. at 328–29. In reversing the court of appeals, the court of criminal appeals held that the issue was the meaning of "dismiss" in the context of article 44.01(a)(1), allowing the State to appeal a trial court order that dismisses any portion of an indictment. *Id.* at 329. The court of criminal appeals observed that, in enacting article 44.01, the Texas Legislature "borrowed liberally from its federal counterpart, 18 U.S.C. § 3731,"[6] and that "[c]onsequently, we will look to the federal government's powers to appeal from an order 'dismissing an indictment' in a criminal case to understand the parameters of the State's appellate powers under Article 44.01." *Id.* at 329–30 & n.2. The *Moreno* court considered the United States Supreme Court's previous

---

[6]As set out in *Moreno*, 18 U.S.C. section 3731 provided:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment as to any one or more counts, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

> . . . .

> The provisions of this section shall be liberally construed to effectuate its purposes.

*Id.* at 331 (quoting Title III of the Omnibus Crime Control Act of 1970, Section 3731 of Title 18 of the United States Code).

holding that 18 U.S.C. section 3731 "'remove[s] all statutory barriers to Government appeals . . . [so as to allow] appeals whenever the Constitution would permit.'" *Id.* at 332 (quoting *United States v. Wilson*, 420 U.S. 332, 337, 92 S. Ct. 1013, 1018 (1975)). With this legislative history in mind, the *Moreno* court held that, under article 44.01(a)(1),

> the State has the power to appeal from any trial court order concerning an indictment or information . . . whenever the order effectively terminates the prosecution in favor of the defendant.
>
>         . . . .
>
> The trial court "effectively terminates" the prosecution against the accused whenever the effect of its order forces any alteration of the indictment or information before the trial on the merits and the State is not willing to comply with that order. . . .
>
> [In *Moreno*], [t]he trial court granted [the defendant's] motion [to quash] and effectively foreclosed the State from proceeding with the information under which it wished to proceed and thus foreclosed the State from proceeding under its theory of prosecution. . . . [F]or all intents and purposes, the trial court's actions forced the State to alter its pleadings—*either by re-indicting or amending the original*—before it would be allowed to try Moreno. The State's refusal to amend effectively terminated the criminal proceedings.

*Id.* at 332–33 & n.7 (emphasis added).

In the instant case, the State contends that "[a]pplying the State's right to appeal liberally, as *Moreno* authorizes," its appeal is valid. The State maintains that because "it has always been the State's expressed goal (hence, its prosecution theory) to obtain a life sentence on this repeat drunk driver," "[t]he trial judge's decision to grant Appellee's motion to quash the enhancement provisions completely undermined the State's theory of prosecution."

10

Notably, however, the court of criminal appeals has addressed the language in *Moreno* regarding the federal government's broad right to appeal:

> [I]n *United States v. Wilson*, the United States Supreme Court held that, in enacting 18 U.S.C. § 3731, Congress intended to remove all barriers to a government appeal in a criminal case other than those imposed by the Constitution. We have never said the same of the Texas statute governing appeals by the State. Instead, in Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute. In Texas, "[t]he standard for determining jurisdiction [of an appellate court] is not whether the appeal is precluded by law, but whether the appeal is authorized by law."

*Lykos*, 330 S.W.3d at 915 (citations omitted). In a footnote, the *Lykos* court further explained, "We have stated that we construe art. 44.01 liberally, but that is in the context of construing the explicit provision of the statute." *Id.* at 915 n.48. Thus, the only issue is whether the State's appeal is authorized by article 44.01(a)(1). *See id.* at 915.

The court of criminal appeals has reaffirmed the *Moreno* language that, under article 44.01(a)(1), the State has the right to appeal any order, short of an acquittal, that effectively terminates the prosecution in favor of the defendant. *State v. Stanley*, 201 S.W.3d 754, 758 (Tex. Crim. App. 2006); *Morgan*, 160 S.W.3d at 4. In the instant case, the trial court's action did not force the State to alter its pleadings before it would be allowed to try Appellee. In fact, after the trial court ruled that Appellee's prior out-of-state convictions were "not available for enhancement purposes," the State announced that it was considering appealing the trial court's ruling and, if it did not, "[t]here may be some other adjustments to

11

which counts we're going forward on." Subsequently, the State informed the trial

court that it planned to pursue an appeal and stated:

> Any representation by the State that we intend to try these cases all together will be withdrawn if we lose this appeal and the maximum punishment is only 20 years in prison. . . .
>
> . . . [I]f the State does not succeed in this appeal and we are limited by 20 years, we have no intent of trying these cases any way other than one or two at a time, and we will be doing that so we have an option of asking this court to stack sentences after multiple trials. . . .

Thus, the record indicates that the trial court's order did not "effectively terminate

the State's prosecution" and that, therefore, the trial court's order did not dismiss

any portion of the indictment. Recent case law supports this conclusion.

## C. Recent Case Law

The recent *Lykos* case is instructive. Lykos sought a pretrial ruling on a

possible punishment issue, asking the trial court to declare the Texas death-

penalty sentencing statute facially unconstitutional. 330 S.W.3d at 906. In

response, the State filed a mandamus petition in the court of criminal appeals

asking the court to prohibit a pretrial evidentiary hearing on the defendant's

motion and to prohibit the trial court from granting such a motion before the State

had an opportunity to prove its charged indictment before a jury. *Id*. The *Lykos*

court conditionally granted the State mandamus relief in part because it

established that the State had no other adequate legal remedy. *Id.* at 907. The

*Lykos* court explained that

> [t]he only statutory provision that arguably could apply to the present situation is an order that dismisses any portion of an indictment. But

12

a capital-murder indictment when the State seeks the death penalty reads exactly the same as a capital-murder indictment when the State does not seek the death penalty. That is, the present indictment, like all capital-murder indictments, simply sets out the elements of capital murder under Section 19.03 of the Texas Penal Code.

> . . . .

> . . . [T]he face of the indictment would not be affected by any pretrial ruling. . . . [T]he State could not appeal any such pretrial advisory ruling under Article 44.01.

*Id.* at 913–14. Noting that *State v. Morgan* "dealt with a very similar situation,"

the *Lykos* court explained:

> [In *State v. Morgan*, 160 S.W.3d 1 (Tex. Crim. App. 2004)], the State filed a pretrial motion asking the trial judge to rule that its DWI information, which contained an enhancement paragraph alleging a prior DWI conviction, charged a Class A misdemeanor. The defense aptly noted that the State's motion was premature; it was not entitled to any such pretrial ruling because it dealt only with "a determination on a punishment issue." Nonetheless, the trial judge made an advisory ruling that, if the defendant were convicted, the punishment range would be for a Class B, not a Class A, misdemeanor. The State attempted to appeal, and the court of appeals accepted jurisdiction, but we concluded that the State was seeking an impermissible interlocutory appeal. The trial judge's ruling did not affect the face of the indictment, it merely advised how he intended to proceed at punishment if the State obtained a conviction. We noted that "the prosecution would proceed regardless of the trial court's ruling." Thus, the State was attempting an interlocutory appeal, and, except for the appeal of a motion to suppress evidence under certain circumstances, such interlocutory appeals are not statutorily permitted under article 44.01.

*Id.* In *Morgan*, the court of criminal appeals held,

> Since the prosecution would proceed regardless of the trial court's ruling, this is an interlocutory appeal. As a general rule, interlocutory appeals are not permitted. Art. 44.01 provides several instances in which the State can appeal, but only one of those involves an

interlocutory appeal. Subsection (a)(5) allows the State to file an interlocutory appeal from a trial court's order granting a motion to suppress evidence. But the statute specifies conditions to such an appeal. The prosecutor must include a certification that the appeal is not taken for purposes of delay. There is no certification requirement under any of the other subsections, including subsection (a)(1). So an appeal under subsection (a)(1) is not to be utilized as an interlocutory appeal. It is supposed to be used only if the prosecution is terminated.

. . . .

We disagree with the State that the trial judge's order "effectively terminated the prosecution." The order in this case affected only Morgan's possible punishment range. As a result, this is an interlocutory appeal for which appellate courts have no jurisdiction.

160 S.W.3d at 4–5 (internal citations omitted).

The State asserts that both *Lykos* and *Morgan* are distinguishable because the trial court in each case did not actually delete a portion of the indictment. The State finds it significant that *Lykos* involved a capital murder indictment that set out only the elements of capital murder regardless of whether the State is seeking a death sentence and that, therefore, no language was deleted. The State finds it significant in *Morgan* that the trial court did not delete the enhancement provision but instead decided that, based on the enhancement provision, the punishment range would be for a Class B rather than a Class A misdemeanor if the defendant were to be convicted. Such a distinction, however, is not dispositive.

The *Lykos* court held that article 44.01 "either does or does not specifically authorize a State's appeal" and that it "does not authorize the State to appeal

14

from a pretrial ruling on a possible punishment issue that fails to dismiss any part of the actual indictment."  330 S.W.3d at 914 (citing *Morgan*, 160 S.W.3d at 5). The referenced page of the *Morgan* opinion holds that an appeal under subsection (a)(1) is "supposed to be used only if the prosecution is terminated." 160 S.W.3d at 5.  The *Morgan* court explained that because the case before it would "proceed, one way or another, after the trial court's order . . . the trial court's order did not terminate the prosecution, and no jurisdiction exists for this appeal." *Id.*

In the instant case, the State asserted that "one of the options" it was considering was appealing the ruling but that if it decided "to go forward," it might adjust the counts.  Thus, by all accounts, the prosecution in this case will proceed at one point or another regardless of the trial court's ruling, and therefore, this is an impermissible interlocutory appeal.  *See id.* at 4.  The following language from the *Morgan* opinion is apropos:

> [n]othing in the trial court's order purports to prevent the prosecution from moving forward on this information.  The order does not force an alteration of the information before trial can proceed.  Instead, it forces the State to alter the information before trial can proceed in the manner in which the State chooses.

*Id.*  Thus, as the court of criminal appeals advises in *Morgan*, because the prosecution (against Appellee) will proceed, the State presents an interlocutory appeal.  *See id.*  "An appeal under subsection (a)(1) is not to be utilized as an interlocutory appeal.  It is supposed to be used only if the prosecution is terminated." *Id.* at 5.  Notably, in the State's memorandum and motion asking

15

the trial court to reconsider its ruling on Appellee's motion to quash, the State noted that "[t]he trial court graciously afforded the State time to consult with the aggrieved family and to allow the prosecution to consider its options, including an interlocutory appeal."

The State cites several intermediate appellate court opinions in support of its position.[7] As demonstrated below, however, all but one 1996 unpublished case out of the Dallas court of appeals support a holding that the State's appeal is not permitted under article 44.01(a)(1).[8]

In *State v. Christensen*, the defendant was indicted for felony DWI. *See* No. 05-10-00940-CR, 2011 WL 2176656, at *1 (Tex. App.—Dallas June 6, 2011, pet. ref'd) (not designated for publication). In Texas, a DWI offense is a third-degree felony if the person has two prior convictions relating to the operating of a motor vehicle while intoxicated. *Id.* (citing Tex. Penal Code Ann. ' 49.09(b)(2)).

---

[7]Appellee responds,

[T]he case law essentially holds that when the trial court makes a ruling which reduces the charge from a felony to a misdemeanor, that action gives rise to an appeal under Art. 44.01, C.C.P. by the State, as such action terminates a prosecution. However, when a trial court's order only affected the possible punishment range, but did not terminate prosecution, no appeal is available to the State. *Morgan*, *supra*, is the most recent Court of Criminal Appeals decision on this matter and is controlling.

[8]We note that opinions not designated for publication by the courts of appeals have no precedential value in criminal cases. *See* Tex. R. App. P. 47.7(a). We address three unpublished opinions, however, because the State relies on them in its briefing.

16

Christensen's indictment alleged two such convictions, one in Denton County in 1989 and one in Colorado in 2002. *Id.* The Colorado conviction was for driving while impaired (DWAI). *Id.* Christensen filed a motion to quash the enhancement paragraph relating to the DWAI, asserting that Colorado's law was not substantially similar to the Texas DWI statute. *Id.* The trial court granted the motion, and the State appealed. *Id.* In reversing the trial court's ruling, the Fifth Court of Appeals addressed article 44.01(a)(1) and held that

> [t]he issue in *Morgan* was whether the trial court properly construed the information to allege a Class B misdemeanor with enhanced punishment rather than a Class A misdemeanor. The trial court's order did not effectively terminate the prosecution. In this case, the trial court's order did not simply construe the indictment while allowing the prosecution to proceed. Rather, "[p]rior convictions are essential elements of a felony DWI under penal code section 49.09(b), and must be pleaded and proven at the guilt-innocence phase to support a felony conviction." *State v. Duke*, 59 S.W.3d 789, 790 (Tex. App.—Fort Worth 2001, pet. ref'd) (op. on reh'g). In this case, as in *Duke*, the trial court's order quashing one of the enhancement paragraphs "effectively dismissed the felony portion of the indictment and reduced the State's case to a misdemeanor prosecution." *See id.* Because the trial court effectively dismissed a portion of the indictment, the State is authorized to appeal the order under article 44.01(a)(1) of the code of criminal procedure.

*Id.*, 2011 WL 2176656, at *2. The State asserts,

> Of most interest in *Christensen* is its recognition that the *Morgan* appellate issue turned on facts where the possible punishment range was affected, *but the State's information had not been altered by the trial court's ruling* since the enhancement paragraph remained viable. *Christensen*, 2011 WL 2176656, at *2 (citation omitted). Again, *Morgan* involved the trial court's choice between two enhancement provisions, not a decision against enhancement, quashing a portion of the State's pleadings. *See id.*; *see also Morgan*, 160 S.W.3d at 2–4.

The State's interpretation of *Christensen* appears to incorporate its "plain meaning" *Boykin* argument. The *Christensen* opinion, however, distinguishes between prior convictions alleged as elements of the offense and prior convictions alleged as punishment enhancements and holds that a trial court dismisses part of the indictment when it quashes a prior conviction alleged as an element of the offense. *Id.*, 2011 WL 2176656, at *2. Thus, because the State in the instant case does not assert that Appellee's prior convictions are elements of the offense, under *Christensen*, the State is not authorized to appeal the trial court's order under article 44.01(a)(1).

The State further asserts that *Christensen* is notable for its citations to *State v. Arredondo*, No. 03-04-00638-CR, 2005 WL 2313605, at *1 (Tex. App.— Austin Sept. 22, 2005, no pet.) (mem. op., not designated for publication), and *State v. Whitehead*, No. 05-94-01914-CR, 1996 WL 317117, at *1 (Tex. App.— Dallas May 30, 1996, no pet.) (not designated for publication). The State argues that "these referenced cases show appellate jurisdiction existed for prosecutors where a portion of the indictment/information alleging enhancement provisions was rejected pretrial by a trial court."

Contrary to the State's position, the *Arredondo* case is consistent with the conclusion that the State is not authorized to appeal the trial court's order. The State charged Arredondo with felony DWI under section 49.09(b)—i.e., the State accused him of DWI in 2003 under section 49.04, alleging two previous DWI convictions to elevate the offense to a felony. *Arredondo*, 2005 WL 2313605, at

18

*1. The trial court granted Arredondo's motion to transfer the case to a court having misdemeanor jurisdiction (based on Arredondo's argument that one of his prior convictions could not be used to enhance the 2003 DWI). *Id.* The State appealed pursuant to article 44.01(a)(1), and Arredondo asserted that the court of appeals did not have jurisdiction. *Id.* The court held that it had jurisdiction because the order at issue "effectively terminate[d] Arredondo's felony prosecution in district court and because the order did not "merely construe the indictment while permitting the district court prosecution to proceed." *Id.* The court of appeals affirmed the trial court's transfer order. *Id.*

The *Whitehead* opinion appears to support the State's position. In addition to its lack of precedential value (because it is a 1996 unpublished opinion that has no petition history and has never been cited until recently in *Christensen*), the opinion does not contain a great deal of analysis. Whitehead was charged with the state jail felony offense of possession of cocaine with the punishment enhanced by two prior felony convictions. *Whitehead*, 1996 WL 317117, at *1. Whitehead moved to quash the enhancement paragraphs, arguing that the State could not enhance the punishment of a state jail felony pursuant to the habitual offender provision in section 12.42(d) of the penal code. *Id.* He contended that article 42.12, section 15 of the code of criminal procedure applied exclusively and required the trial court to suspend a state jail felon's sentence and place the defendant on community supervision. *Id.* The trial court granted Whitehead's motion, and the State appealed under article 44.01(a)(1). The court of appeals

19

held that it had jurisdiction because the trial court's order "dismiss[ed] the two enhancement paragraphs of the indictment charging Whitehead with an offense." *Id.* Thus, *Whitehead* appears to be an anomaly that is not sufficiently persuasive to alter the above analysis. *Christensen* cites *Whitehead* favorably, but the reasoning in *Christensen* supports the conclusion that article 44.01(a)(1) does not permit the State's appeal in this instance.

The State also asserts that two cases from this court support its position. *See Duke*, 59 S.W.3d at 790–91; *State v. Cordell*, 34 S.W.3d 719, 720–21 (Tex. App.—Fort Worth 2000, pet. ref'd). For the reasons discussed in *Christensen*, *Duke* supports a determination that the trial court's order is not appealable. *Christensen*, 2011 WL 2176656, at *2. The *Cordell* case is also distinguishable.

In *Cordell*, the State charged the defendant with misdemeanor DWI. In two paragraphs, the State alleged two alternative means of intoxication—by reason of alcohol consumption and by reason of ingestion of "alcohol, a controlled substance, a drug, a dangerous drug, or combination of two or more of these substances." *Cordell*, 34 S.W.3d at 720. Cordell moved to quash the second paragraph because it failed to provide her adequate notice of what specific drug or combination of drugs the State alleged she ingested. *Id.* The trial court agreed and quashed the paragraph. *Id.* When the State appealed, Cordell argued that this court did not have jurisdiction because the order quashing the second paragraph did not effectively terminate the prosecution. *Id.* This court disagreed, holding that "[b]ecause the State appealed instead of

20

proceeding to trial on paragraph one, the trial court's decision to dismiss paragraph two effectively terminated the prosecution against appellee." *Id.* at 721. *Cordell* is distinguishable from the instant case because the paragraph that was dismissed was part of guilt-phase primary pleading as defined by *Brooks* and article 27.01 (as discussed above) and not a punishment enhancement paragraph as described in *Calton*. *See* Tex. Code Crim. Proc. Ann. art. 27.01; *Calton*, 176 S.W.3d at 233–34; *Brooks*, 957 S.W.2d at 932.

The State also cites *State v. Mewbourn*, 993 S.W.2d 771 (Tex. App.—Tyler 1999, no pet.), and *State v. McGuffey*, 69 S.W.3d 654 (Tex. App.—Tyler 2002, no pet.). These two cases have similar fact patterns and holdings, and *McGuffey* relies on *Mewbourn*; thus, we focus on *McGuffey*. The State charged McGuffey with felony DWI pursuant to section 49.09(b), which provides that a DWI offense is a third-degree felony if the person has two prior DWI convictions. *McGuffey*, 69 S.W.3d at 655. The trial court would not, however, allow the State to introduce evidence of McGuffey's two previous DWI convictions to the jury. Following a mistrial granted on McGuffey's motion, the State appealed under article 44.01(a)(1), and the court of appeals held,

> We have previously determined that when the trial court does not allow the State to read an entire felony DWI indictment to the jury, the trial court has effectively dismissed a portion of the indictment. *See State v. Mewbourn*, 993 S.W.2d 771, 773 (Tex. App.—Tyler 1999, no pet.). In a felony DWI trial, the State should be allowed to read the full indictment to the jury, including the two prior DWI convictions. *See Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000). Because the trial court ordered the State not to read the two prior DWI convictions during the reading of the indictment to the

21

jury, effectively dismissing that portion of the indictment, the trial court's order became appealable by the State pursuant to article 44.01(a)(1).

*Id*. at 656.  Contrary to the State's position, *McGuffey* and *Mewbourn* are consistent with our holding that article 44.01(a)(1) does not authorize the State's appeal in this instance.

## IV.  Conclusion

Based on the above analysis, we dismiss the appeal.

ANNE GARDNER<br>
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

PUBLISH

DELIVERED:  November 10, 2011